NEHEMIAH RAPLEE, Appellant, v. STEPHEN T. ARNOT, Respondent.

(Argued April 5, 1877; decided April 17, 1877.)

ONE J. Murray Clark foreclosed a mortgage upon certain lands in Pennsylvania, upon which lands plaintiff had a junior mortgage for the sum of $50,000. Plaintiff was not made a party. · Clark bid off the premises upon the foreclosure sale, which took place November 19, 1869. Upon the same day, he entered into a contract with one Baker, by which, "for a valuable consideration," Clark gave to Baker the privilege of purchasing the premises for $56,321.30, the "privilege or option to be exercised within thirty days from date, otherwise the agreement to be" regarded as no longer binding on Clark. It was also agreed that, in case Baker made the purchase, he should pay or secure to plaintiff the amount of his mortgage. The agreement also contained a clause that the stipulations in regard to the payment by Baker to plaintiff were in no wise binding on Clark, and that he was "not to be in any way implicated therein."

On December 10th, 1869, Baker executed a written assignment of said contract to defendant for the consideration "of the sum of one dollar, * * * and also in consideration that he (defendant) shall in all things truly keep and perform all the terms and conditions * * to be kept and performed in said agreement" by said Baker, "and especially that he shall pay and secure to be paid to said Raplee the said sum of $50,000."

On November 20th, 1869, Clark, Baker and defendant entered into an agreement by which Clark extended the option until January 11th, 1870, on or before which time the purchase was to be consummated according to the terms of the original agreement, and it was declared therein that, in case of default or failure of Baker or defendant "to consummate the entire purchase and every part thereof, the said option or agreement and this article of writing shall be forever void and of no effect." On the day named in the last

agreement, *i. e.*, January 11, 1870, Clark attended at the time and place specified with a deed executed, ready and prepared to perform the agreement on his part, but he was informed by defendant that he declined to purchase under the option. On January 13th, 1870, an arrangement was made between Clark, defendant and Jefferson T. Raplee, son of plaintiff, under and by which defendant purchased of Clark the premises, receiving the deed prepared for the purpose of carrying out the former agreement, and paying or securing to Clark the amount therein required to be paid to Clark, and defendant executed and delivered to plaintiff's son an agreement giving plaintiff the privilege of purchasing the premises at any time on or before September 12th, 1870, for the sum of $74,477.78. In case the purchase was not then completed, it was declared that the right to purchase should close.

Plaintiff in this action sought to recover the $50,000 and interest. The court found that defendant did not purchase, and that Clark did not sell and convey the land under the agreement of November 19th, 1869, or the extension thereof. *Held*, that the facts justified the finding that the action was not maintainable; that no obligation was imposed upon Baker to purchase, nor was any imposed upon defendant by the assignment to him; that plaintiff had no claims against either save in case they voluntarily elected to take the property and complete the purchase; that Clark was under no obligations to protect plaintiff's interest, and upon failure to perform he was relieved from the agreement, and as owner of the land had the right to dispose of it to any person and upon any terms he might choose; and that therefore there was no warrant for the claim that defendant absolutely undertook to pay any sum whatever to plaintiff.

It was claimed by plaintiff's counsel that the circumstances under which defendant took the assignment and his relations to plaintiff were such that he could not purchase the land for himself, he occupying a position of trust and confidence. *Held*, that as this question was not presented by the pleadings (the action being purely a legal one), or on the trial, or by any findings or exceptions, it could not be considered

here; that if plaintiff's position was correct, he was not prevented from having a trust declared in the property in his favor by appropriate proceedings.

As to whether the conditional promise to pay plaintiff the $50,000 would authorize a recovery by plaintiff in case the land had been purchased by defendant under the agreement within the case of *Lawrence* v. *Fox* (20 N. Y., 268), *quære*.

*J. McGuire*, for appellant.

*George B. Bradley*, for respondent.

ANDREWS, J., reads for affirmance.
All concur.
Judgment affirmed.