■ Susan Grzesiak, an Infant, by Her Father and Natural Guardian, Zygmunt Grzesiak, et al., Appellants, v Abraham & Straus Stores et al., Respondents. Bates Nitewear Company, Inc., Third-Party Plaintiff, v Cone Mills Corporation, et al., Third-Party Defendants-Respondents. Cone Mills Corporation, Fourth-Party Plaintiff, v F.M.C. Corporation, et al., Fourth-Party Defendants.—Order, Supreme Court, New York County, entered September 29, 1978, reversed, in the exercise of discretion, and the motion of defendants-respondents and third-party defendants-respondents to change venue from New York County to Suffolk County denied, without costs. The infant plaintiff suffered burns in a fire in 1973, in which her nightgown was allegedly set aflame by contact with an electric toaster oven. This action was commenced in New York County in the same year against the sellers and manufacturers of both the garment and the appliance, various third- and fourth-party defendants being added as time went along. The instant motion was not made until five years after the occurrence. Special Term granted the motion, indicating that this would best serve convenience of witnesses, but primarily because, "unless there are cogent reasons to direct otherwise, the venue of a transitory action should be the county where the cause of action arose (*Slavin v. Whispell,* 5 A D 2d 296)." *Slavin* should be confined to its own peculiar facts, having been decided on

an array of specific reasons, set out in detail, for the change there granted, rather than on any abstract general proposition. While the language employed by Special Term may touch upon one of the bases for placement of venue, its use by Special Term seems to put the burden in respect of where venue should lie upon plaintiffs, rather than upon defendants-movants, where it belongs. Here there are "cogent reasons" pointing in the other direction. One important factor is that no explanation whatever is offered for the long delay in making this motion, in flat violation of the permissible times stated in CPLR 511 (subds [a], [b]). Venue having been chosen by plaintiff in accordance with the absolute right conferred by CPLR 509, it should only be changed in accordance with the CPLR sections and rules that follow CPLR 509, inclusive of timeliness. Promotion of the ends of justice is defeated, not assisted, by lack of timeliness. There is no showing that this was a "reasonable time," nor has explanation been made for the delay. Meanwhile, discovery had been initiated while the action was pending here. The motion papers assign convenience of witnesses as the reason for change in the place of trial. While the decision we review points out that "The medical treatment took place primarily in Suffolk County", the hospitalization was in Nassau, and the medical witnesses have made affidavit that they will not be inconvenienced by trial here. There is no issue as to the purchase of either the allegedly defective nightgown worn by the infant plaintiff, or of the allegedly defective toaster oven; these may be established documentarily without inconvenience to witnesses, who would be called in most part by plaintiff. The fire was extinguished by "local volunteer firemen [who are] likely witnesses," but nobody disputes that there was a fire, centering about the toaster oven. The actual issues to be tried will be how the fire was caused, and, considering her age, whether the girl was contributorily negligent, as well as whether either the nightgown or the appliance— neither manufactured in Suffolk—was improperly designed or made. Resolution of these issues will depend to a great extent on experts, whose convenience is not to be served. And, finally, speaking of witnesses who might be inconvenienced by distance, the place of occurrence of the accident is closer to Manhattan than is the new place of trial, i.e., the county seat of Suffolk at Riverhead. Concur—Sandler, Markewich and Lupiano, JJ.; Kupferman, J. P., concurs in the result, and Lane, J., dissents in a memorandum as follows.

Lane (dissenting). Plaintiffs brought this action to recover damage for personal injuries allegedly sustained by the infant Susan Grzesiak. The infant plaintiff was injured when her clothing caught fire while she was using a toaster oven. This action was commenced in New York County. The third-party defendant Collins & Aikman, Inc., moved at Special Term in New York County to change the venue of this action from New York County to Suffolk County. Other defendants joined in this motion. Special Term granted the relief requested on the ground that this is a transitory action whose venue is determined by the county where the cause of action arose. I would affirm the order of Special Term. The general rule is that a transitory action should be tried in the county in which the cause of action arose (Slavin v Whispell, 5 AD2d 296). In the case at bar, the accident giving rise to the action occurred in Suffolk, the toaster appliance and the clothing involved were purchased in Suffolk, and the key witnesses with knowledge of the facts and surrounding circumstances are located in or near Suffolk County. Since the county in which the cause of action arose is also the county in which the majority of nonparty witnesses reside, Special Term providently exercised its discretion by directing a change of venue from New

York County to Suffolk County *(Blackfriars Realty Corp. v Ettlinger,* 56 AD2d 826; *Chung v Kivell,* 57 AD2d 790; *Seabrook v Good Samaritan Hosp.,* 58 AD2d 538). The majority memorandum asserts that an important factor and "cogent reason" for denying this motion is the delay of the defendants in making this motion. The issue of delay as a bar to the granting of this motion was not raised by the plaintiff at Special Term. Since this theory is raised for the first time on this appeal, we should not entertain it *(Raplee v Arnot,* 69 NY 616; *Flagg v Nichols,* 307 NY 96, 99; *Slater v Gallman,* 38 NY2d 1, 4). Accordingly, the order of the Supreme Court, New York County, entered September 29, 1978, granting defendants' motion to change venue to New York County, should be affirmed.