■ JERRY BORISKIN et al., as Executors of MORRIS BORISKIN, Deceased, Appellants, v LONG ISLAND JEWISH-HILLSIDE MEDICAL CENTER, SOUTH SHORE DIVISION, Defendant, and MORTON SCHWARTZ et al., Respondents. — Order, Supreme Court, Bronx County (Silbowitz, J.), entered April 1, 1981, which, upon reargument, granted defendants' (Morton Schwartz and Mordecai Schwartz) motion for a change of venue from Bronx to Queens County, unanimously reversed, on the law and in the exercise of discretion, with costs and disbursements, and, on reargument, the motion denied. At the time of the commencement of this medical malpractice and wrongful death action in Bronx County, one of the plaintiffs, a coexecutor of the deceased's estate, was a Bronx resident. None of the other parties reside in Bronx County. The acts giving rise to both causes of action occurred in Queens. Five and one-half years after commencement of the action, defendants Schwartz, arguing that no useful purpose would be served by having the matter tried in a county which has no relationship to the cause of action or the parties, and urging, as well, the convenience of witnesses, moved for a change of venue to Queens. That the plaintiff who had been a Bronx resident subsequently moved to another State did not render venue, properly placed at the outset (CPLR 503, subd [a]), improper. The general rule that a transitory action should be brought where the cause of action arose (see *Slavin v Whispell,* 5 AD2d 296), while of great significance in deciding whether venue should be changed *(Blackfriars Realty Corp. v Ettlinger,* 56 AD2d 826), is predicated on the convenience of material witnesses (CPLR 510, subd 3). The attorney's affirmations in support of the change in venue are inadequate in making the case for the convenience of witnesses. The names and addresses of those prospective witnesses whose convenience would be served, as well as the nature of their testimony, is nowhere indicated. (See *Weinstein v Kiamesha Concord,* 28 AD2d 925.) No explanation is given as to the hardship entailed in traveling to The Bronx, and we have some difficulty in accepting the notion that the added distance from Sutphin Boulevard to the Grand Concourse constitutes the type of burden upon a prospective witness which would compel a change of venue. Moreover, a motion for a change of venue on the ground of convenience of a witness must be made "within a reasonable time after commencement of the action." (CPLR 511, subd [a].) Since the facts now argued were as apparent at the time the action was commenced as they are now, the application is untimely and barred by laches. Special Term was correct in its initial determination denying a change in venue because of an inadequate showing that a change was required for the convenience of material witnesses and untimeliness. Nothing was shown which warranted reargument, and certainly departure from the original determination was not justified. Concur — Sandler, J. P., Sullivan, Carro, Markewich and Bloom, JJ.