■ JACK KORMAN et al., Appellants, v CITY OF NEW YORK, Respondent, et al., Defendant. — In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from so much of an order of the Supreme Court, Kings County (Rader, J.), dated January 7, 1982, as, upon granting reargument, adhered to its original determination which granted a motion by the defendant City of New York to change venue from Kings County to New York County. Order reversed insofar as appealed from, without costs or disbursements, the prior order, dated December 12, 1980, is vacated, and the motion to change venue is denied, without prejudice to a further motion by the City of New York in accordance herewith. The cause of action for personal injuries arose in New York County where plaintiff Jack Korman tripped in a hole in a sidewalk. The City of New York served an answer which had attached to it a demand for a change of venue. The plaintiffs did nothing. The City of New York permitted more than 15 days after service of the demand to pass and, therefore, was no longer entitled to relief under CPLR 511. Fourteen months after the joinder of issue, at a precalendar conference, the City of New York orally moved for a change of venue. Special Term granted the motion and changed the venue to New York County. The transfer of the action from Kings County to New York County on oral motion was improper. When the City of New York failed to comply with CPLR 511, the only method of seeking a change of venue was by notice of motion pursuant to CPLR 510 and 2212. Such motion may be made any time before trial and is subject to the court's discretion. In the absence of a stipulation entered into at the precalendar conference dispensing with usual formalities, a venue motion must be on papers. Titone, J. P., Lazer, Mangano and Gibbons, JJ., concur.