■ CHRISTOPHER FICKLING et al., Appellants, v WANDA C. CARTER, as Administratrix of the Estate of HAROLD CARTER, JR., Deceased, et al., Respondents. — Order, Supreme Court, Bronx County (L. Fusco, J.), entered June 3, 1982, granting defendant Carter's motion to transfer venue from Bronx County to Suffolk County, is unanimously reversed, on the law, on the facts, and in the exercise of discretion, and defendant's motion to change venue is denied, without costs. The plaintiff husband was injured on April 1, 1979 in Bronx County, when the automobile in which he was a passenger was struck by an automobile being driven by defendant, James R. Yurwitz (Yurwitz). At the accident scene, Yurwitz gave to the police as his home address the address of his mother who lived in The Bronx. The plaintiffs are residents of Queens and the residences of the other defendants are in counties other than The Bronx. Plaintiffs commenced this action in The Bronx in April, 1981, upon the basis that it was Yurwitz' county of residence. More than nine months later, when this matter was on the Ready Trial Calendar, and a jury was about to be selected, defendant Carter, the administratrix of the estate of Harold Carter, who was the driver of the car in which plaintiff husband was riding and who was killed in the accident, made her motion to transfer venue. The only reason that defendant Carter urges for granting her motion is that none of the parties are, or were, residents of The Bronx since her attorney recently learned that

* There is no explicit instruction as in the lottery case (see Molina v Games Mgt. Servs., 89 AD2d 69, 75, app pending).

Yurwitz had been a resident of Suffolk County both at the time of the accident and at the time of the motion. Defendant Carter does not contend that "the convenience of material witnesses and the ends of justice will be promoted by the change" (see CPLR 510, subd 3) or that she will be unduly prejudiced if venue remains in Bronx County. The other two defendants, Miller and Yurwitz, join in Carter's motion. Incidentally, even though Yurwitz has lived in Suffolk County during this period, since he is a fisherman who stays on a boat in Snug Harbor, in Montauk, he never brought a motion for a change of venue. Unlike other cases (see, for example, *De Litta v Milde*, 52 AD2d 548) where change of venue motions have been granted after issue has been joined because none of the parties has any connection to the county in which the action was originally brought, in the instant case defendant Yurwitz admits using The Bronx address as an address through which he could be contacted. After being served in this action, Yurwitz remained silent and never initiated a motion to change venue on the basis that he had given the wrong county of residence. Defendant Carter seeks to change venue solely on the ground that the plaintiff designated an improper county (CPLR 510, subd 1). However, because Carter has waited until the eve of trial to make her motion, the granting of such a motion rests in the sound discretion of the court (see 2 Weinstein-Korn-Miller, NY Civ Prac, par 510.06). In view of the fact that this action arose in Bronx County (*Slavin v Whispell*, 5 AD2d 296), that the defendant did not use due diligence in making this motion (*Schwartz v Cuyler*, 256 App Div 1041, 1042), and that the plaintiffs will be severely prejudiced by transfer of venue to Suffolk County because the calendar delay there will deny a speedy trial of this action (*Mills v Sparrow*, 131 App Div 241), we find that Trial Term abused its discretion in granting defendant's motion and we thus reverse. Concur — Murphy, P. J., Ross, Bloom, Lynch and Kassal, JJ.