■ TRANSPORTATION MICROWAVE CORP. et al., Respondents, v VENROCK ASSOCIATES et al., Defendants, and COOPERS & LYBRAND, Appellant and Third-Party Plaintiff-Appellant. EDMUND T. BENNETT et al., Third-Party Defendants. — Order of the Supreme Court, New York County (Price, J.), entered on January 19, 1982, which, inter alia, denied the motion by defendant third-party plaintiff for a change of venue from New York County to Onondaga County, is unanimously modified, on the law, the facts and in the exercise of discretion to the extent of granting the motion for a change of venue, and otherwise affirmed, with costs and disbursements. This matter arises out of a dispute between plaintiffs-respondents Transportation Microwave Corporation (TMC) and Sunset Communications Company with certain of the third-party defen-

dants concerning the ownership of the shares and assets of Trans-Communication Enterprises, Ltd. (TEL). In that regard, TMC instituted a number of suits in Onondaga County in 1976 and 1977, which were ultimately settled in May of 1981 by entry of a consent judgment. The instant action was brought in June of 1977 when a summons, naming 10 defendants, among them appellant Coopers & Lybrand was filed with the New York County Clerk. On October 10, 1977, a complaint was served upon appellant, alleging that Coopers & Lybrand, the auditor and accountant for TMC from September, 1969 through 1974, had been negligent in failing to disclose that TMC did not have record ownership of all of TEL's outstanding capital stock. Shortly after the New York County case was commenced, respondents requested that appellant enter into a "standstill" agreement to suspend all proceedings until the Onondaga County matters were resolved. Although appellant declined to execute a written stipulation, purportedly because it did not wish to risk prejudicing the timeliness of potential cross claims and third-party claims, in fact all actions in the New York case were deferred pending the outcome of the settlement discussions being conducted in Onondaga County. Following the termination of the Onondaga County proceedings, prosecution of the New York County case was resumed. Thereupon, appellant moved for a change of venue from New York to Onondaga County. In an order entered on January 19, 1982, Special Term denied the motion on the ground that "the change was untimely sought and for failure to demonstrate that the change would truly be for the convenience of material witnesses and in the interest of justice." CPLR 511 (subd [a]) states that a motion for a change of place of trial "shall be made within a reasonable time after commencement of the action." The motion at issue was not made until more than four years after the commencement of the action. However, notwithstanding appellant's refusal to sign a written "standstill" agreement, all proceedings in connection with the instant matter were effectively suspended during most of the pendency of the action. This was done at the request of the respondents and primarily for their accommodation. Upon revival of the New York County case, appellant promptly moved for a change of venue. Thus, the situation here is clearly distinguishable from that in *Boriskin v Long Is. Jewish-Hillside Med. Center, South Shore Div.* (85 AD2d 523) and *Grzesiak v Abraham & Straus Stores* (72 AD2d 729), where there was no justification for the long delays involved there (5½ and 5 years, respectively). As the court stated in *Grzesiak v Abraham & Straus Stores (supra,* at p 730): "There is no showing that this was a 'reasonable time,' nor has explanation been made for the delay. Meanwhile, discovery had been initiated while the action was pending here." Under the circumstances of this case, the delay was satisfactorily explained and was, therefore, not unreasonable. According to CPLR 510: "The court, upon motion, may change the place of trial of an action where * * * 3. the convenience of material witnesses and the ends of justice will be promoted by the change." Appellant's moving papers identified nine individuals who it intends to call at trial, all of whom are material witnesses with one possible exception. Eight of these people reside in Onondaga County and a ninth lives in Tompkins County, about 45 miles from Onondaga County. By contrast, respondents cited only two potential witnesses, one of whom has an office in New York City. The other does not reside in New York State and must travel in either event. Nevertheless, most of appellant's witnesses are parties to the action or their employees. "The convenience of the parties, their employees and members of their families are excluded from consideration in determining a motion under CPLR 510 (subd 3)" (*Lundgren v Lovejoy, Wasson, Lundgren & Ashton,* 82 AD2d 912; see, also, *Stavredes v United Skates of Amer.,* 87 AD2d 502). While the convenience of

the witnesses does not, in this instance, provide adequate basis for a change of venue, in fact the instant matter has virtually no relationship to New York County. The cause of action occurred in Onondaga County. A transitory action, all things being equal, should be tried in the county where the cause of action arose. (*Lundgren v Lovejoy, Wasson, Lundgren & Ashton, supra; Seabrook v Good Samaratin Hosp.,* 58 AD2d 538; *Slavin v Whispell,* 5 AD2d 296.) Respondents' principal place of business is in California. Prior to the time that it was acquired by Sunset Communications Company, TMC's main business office was in Onondaga County. Respondents have no offices, employees or records in New York County and have named only one witness with any connection to New York County. Further, all the records maintained by appellant are in Onondaga County, where its principal office is located. Respondents' attempt to justify retention of venue in New York County by relying upon the presumed inconvenience of newly joined defendants is entirely misplaced. Therefore, Special Term improperly denied appellant's motion for a change of venue. Concur — Kupferman, J. P., Sullivan, Milonas, Kassal and Alexander, JJ.