■ ANITA MICALE et al., Respondents, v ARLEY JONES, Defendant, and A-SCRAP DEALERS, INC., Appellant and Third-Party Plaintiff. RUSSELL CARLOS, Third-Party Defendant. — Order of the Supreme Court, Bronx County (Anthony Mercorella, J.), entered on June 14, 1982, which denied the motion to change the venue of the action from Bronx County to Westchester County, is affirmed, without costs or disbursements. Defendant-appellant A-Scrap Dealers, Inc., moved pursuant to CPLR 510 (subd 1) to change the venue of the instant matter from Bronx County to Westchester County more than three years after the commencement of the action and service of A-Scrap's answer. Appellant acknowledges that it has, almost from the beginning of this litigation, possessed the necessary information to move for a change of venue. However, it has failed to offer an adequate explanation for its inordinate delay and neglect in making such a request. Consequently, we cannot find that Special Term abused its discretion in denying appellant's motion. Concur — Murphy, P. J., Silverman and Milonas, JJ.

Bloom and Kassal, JJ., dissent in a memorandum by Kassal, J., as follows: I disagree with the conclusion reached by the majority which, in continuing the action in Bronx County, rewards the plaintiffs for what, on this record, appears to be a fraud on the court. The action, commenced in Bronx County, seeks to recover damages for personal injuries sustained in a motor vehicle accident which occurred on April 9, 1979. The accident occurred on Yonkers Avenue in Westchester County, when plaintiffs' vehicle was struck in the rear by a truck owned by defendant A-Scrap Dealers, Inc. (A-Scrap), and operated by defendant Arley Jones. Plaintiffs reside in Westchester County and A-Scrap has its principal place of business there. The summons denotes the basis for venue as the residence of defendant Jones, recorded thereon to be 175 Broadway, Bronx, New York. Issue was joined by A-Scrap by the service of its answer on September 13, 1979. Thereafter, plaintiffs purportedly effected substitute service upon Jones by mailing process to "his last known residence" at 175 North Broadway, Yonkers, Westchester County, and by affixing a copy of the summons to the door at that address as his "actual place of business, dwelling place or usual place of abode within the state" (CPLR 308, subd 4). Jones has not appeared in the action and, assuming the propriety of service, is in default. On February 23, 1982, A-Scrap moved, pursuant to CPLR 510 (subd 1), to change the venue of the action to Westchester County, alleging that venue had been improperly laid in Bronx County in that all of the parties, including

Jones, resided in Westchester, where the accident occurred. Appellant claimed that it had been misled by the false representation contained on the face of the summons that Jones was a resident of The Bronx. The MV-104 filed by plaintiff listed as Jones' residence 30 Montague Street, Yonkers, also in Westchester County, which is an address different from where substitute service had purportedly been effected. Special Term denied the motion solely upon the failure of appellant to adhere to the procedure contained in CPLR 511. Concededly, no demand for a change of venue was served nor was a motion made within 15 days thereafter. This, however, is not dispositive. The failure of a party to follow the statutory procedure is not absolute and does not preclude a subsequent motion to change the place of trial. In such a case, although the motion is too late to be made as of right, it nevertheless may be made and is addressed to the discretion of the court (*Siegel v Greenberg,* 85 AD2d 516; *Reichenbach v Corn Exch. Bank Trust Co.,* 249 App Div 539). On this record, we fail to perceive the overriding need to protect parties who have resorted to "affirmative misrepresentation" in designating the county for trial (see *Rogers v Parise,* 75 AD2d 513, 514). While it appears that three years did elapse before the motion for a change of venue was made, there is nothing in the record to support the finding of the majority that appellant acknowledged that, from the beginning of the litigation, it had the necessary information to move for a change of venue. The record does not disclose when appellant obtained a copy of the MV-104 which had been filed by plaintiffs or was aware of the misstatement of residence. As observed, Jones has not appeared and is not represented in this action. The answer served by A-Scrap denies that, at the time of the accident, the truck was being operated by him with the permission or consent of the owner. Any delay in moving for relief is far outweighed by the fact that plaintiffs misrepresented the Jones' residence as the basis for venue in instituting suit in Bronx County. Moreover, it is further significant that this action can never proceed to trial in accordance with current court rules. 22 NYCRR 660.9 (c), in providing for a general trial preference for personal injury actions, requires a showing that "the venue of the action was properly laid in the county in which it is pending, within the requirements of CPLR article 5". Here, since none of the parties resides in Bronx County, the designation of that county as the place for trial was improper (CPLR 503, subds [a], [c]). Therefore, under the court rules applicable to New York and Bronx Counties, a general preference may not be obtained so as to permit the action to proceed to trial. Transfer of the action to Westchester County is also warranted under CPLR 327 (see *De Litta v Milde,* 52 AD2d 548). All of the parties reside in Westchester County, where the accident occurred. The action has no nexus with Bronx County and, applying the doctrine of *forum non conveniens* under CPLR 327, the interest of substantial justice requires that the matter be transferred for trial to Westchester County, where the action should have been commenced in the first instance. It is clear that the only reason the action was instituted in Bronx County was for the convenience of plaintiffs' attorney, which is an irrelevant consideration (see *Naples v Daubert Chem. Co.,* 93 AD2d 745). In view of the affirmative misrepresentation by plaintiffs when the action was commenced, no reason appears to continue the case for trial in a county which has no substantial relationship to either the issues or the parties. Accordingly, the order, Supreme Court, Bronx County (Anthony J. Mercorella, J.), entered June 14, 1982, denying the motion to change the venue of the action, should be reversed, the motion granted and the action transferred to Westchester County.