■ DONNA JO HILLEGASS, Individually and as Administratrix of the Estate of JACK HILLEGASS, Deceased, Appellant, v DOUGLAS DUFFY et al., Defendants, and HOWARD EXPRESS et al., Respondents. — In a negligence action to recover damages for personal injuries and wrongful death, plaintiff appeals from an order of the Supreme Court, Kings County (Jordan, J.), dated September 13, 1983, which granted the motion of defendant Syracusa Sand & Gravel, Inc., joined in by defendant Shop-Rite Supermarkets, Inc., and the cross motion of the defendant Howard Express for a change of venue and ordered the action transferred from the Supreme Court, Kings County to the Supreme Court, Ulster County.

Order reversed, with one bill of costs, and motion and cross motion denied.

Jack Hillegass was killed in an automobile accident on Route 17 in Mahwah, New Jersey, during the early morning hours of August 20, 1976, when his car collided head on with a truck driven by defendant Duffy and owned and/or leased by defendants Howard Express and Syracusa Sand & Gravel, Inc. A truck driven by defendant Swinton and allegedly owned by defendant Shop-Rite Supermarkets, Inc. (hereinafter Shop-Rite), was in the right southbound lane alongside the truck driven by Duffy at the time of the accident.

It is undisputed that plaintiff Donna Jo Hillegass is a resident of Ulster County, New York, that defendant Syracusa Sand & Gravel is located in, and defendant Duffy resides in, Ontario County, New York, defendant Howard Express is located in

Seneca County, New York, and defendant Swinton resides in Middlesex County, New Jersey. Potential witnesses include a motorist from North Bergen, New Jersey, who came upon the accident scene after the accident occurred, Mahwah, New Jersey police officers, and a Bergen County, New Jersey, medical examiner. Plaintiff commenced this action against defendants on or about August 11, 1978. Venue for the action was placed in Kings County, based on plaintiff's assertion that defendant Shop-Rite was authorized to do business in New York with an office for the conduct of business at 3100 Ocean Avenue in Brooklyn.

Over four years later, on or about March 23, 1983, defendant Syracusa Sand & Gravel moved, *inter alia,* pursuant to CPLR 510 (subds 1, 3), to change the venue of the trial of the action from Kings County to either Ulster or Ontario County on the grounds that Kings County was not the proper county and that the convenience of material witnesses and the ends of justice would be promoted by the change. Defendant Shop-Rite joined in that motion and on or about April 7, 1983 defendant Howard Express cross-moved for similar relief. Those defendants essentially claimed that Shop-Rite was a New Jersey corporation not authorized to do business in New York, and, therefore, Kings County was not a proper county for trial, and that the convenience of the witnesses, namely, the Mahwah police officers, would be promoted by a change in venue. Special Term granted the motion by changing venue from Kings County to Ulster County. We reverse.

On appeal defendants Syracusa Sand & Gravel and Howard Express contend that plaintiff affirmatively misrepresented that defendant Shop-Rite is authorized to do business in New York and has an office in Kings County, a fact that they learned shortly before moving for a change of venue. Counsel for defendant Syracusa Sand & Gravel also argues that the delay should be excused because it was substituted as counsel in June, 1982. Therefore, even though the motion was made over four years after the commencement of the action, the motion was made within a reasonable time. In our view, those defendants have not adequately explained the delay in making the motion and cross motion for a change of venue. Defendants Syracusa Sand & Gravel and Howard Express could have easily learned from their codefendant, Shop-Rite, if the latter was authorized to transact business in New York and if it had an office in Kings County, had they coordinated their respective defenses when the action was commenced in 1978. Moreover, defendant Shop-Rite has never denied the allegation in plaintiff's complaint that it is authorized to do business in New York and has an office in

Kings County. In fact, its attorney submitted an affidavit stating that Shop-Rite was a New Jersey corporation named Foodarama Supermarkets, Inc., which was authorized to do business in New York. In addition, it appears to be undisputed that when the motion was made, discovery had already taken place and that the matter had been on the Kings County Trial Calendar for one year. Furthermore, the fact that defendant Syracusa Sand & Gravel substituted new counsel in June, 1982 does not excuse the delay in making the motion. Under these circumstances, there was no justification for the over four-year delay in moving for a change of venue, and the motion and cross motion were thus not made within a reasonable time after commencement of the action pursuant to the requirement of CPLR 511 (subd [a]) (see *Micale v Jones,* 96 AD2d 791; *Fickling v Carter,* 91 AD2d 578; *Boriskin v Long Is. Jewish-Hillside Med. Center,* 85 AD2d 523; *Grzesiak v Abraham & Straus Stores,* 72 AD2d 729; cf. *Transportation Microwave Corp. v Venrock Assoc.,* 91 AD2d 913).

Furthermore, the convenience of the potential nonparty witnesses will not be promoted by the change (CPLR 510, subd 3). All of the potential nonparty witnesses reside in New Jersey, including the Mahwah police officers, who reside in Bergen County, New Jersey. The Supreme Court, Ulster County (located in Kingston) is at least as far, if not farther, from Bergen County than Kings County. In fact, the only party or witness involved in this litigation who lives in Ulster County is the plaintiff herself. Mollen, P. J., Lazer, Gibbons and Brown, JJ., concur.