■ GREGORIO BREVETTI, as Personal Representative of SALVATORE BREVETTI, Deceased, Respondent, v ROBERT ROTH et al., Appellants, et al., Defendants.—In a medical malpractice action to recover damages for personal injuries and wrongful death, defendants Roth, Sauter, Biasetti, Riggio, Lunati, Mendelsohn, Greenwood and Zippin appeal from an order of the Supreme Court, Kings County (Bernstein, J.), dated May 13, 1983, which denied their motion for a change of venue from Kings County to Suffolk County.

Order affirmed, with costs. Appellants are granted leave to renew the motion upon proper papers in accordance herewith.

The individual appellant physicians who reside in Suffolk County sought a transfer of venue to Suffolk County upon the ground that the convenience of material witnesses and the ends of justice would be promoted by the change (CPLR 510

[3]). It is well established that such a motion is addressed to the sound discretion of the trial court *(Korman v City of New York,* 89 AD2d 888; *Greentree Pub. Co. v Oneida Dispatch Corp.,* 59 AD2d 711), and appellants have not established that Special Term improvidently exercised its discretion in denying their motion.

Appellants concede on appeal that they have not interviewed the named nonparty witnesses whose convenience would be served by a change of venue, as those witnesses were treating physicians of plaintiff's decedent. Appellants may not privately interview a nonparty treating physician without court order of the patient's express consent *(Anker v Brodnitz,* 98 Misc 2d 148, *affd* 73 AD2d 589, *lv dismissed* 51 NY2d 703). Accordingly, appellants do not have the right to question plaintiff's doctors outside formal discovery procedures *(see, Anker v Brodnitz, supra,* at p 151). Without a private interview or contact with the witnesses, appellants cannot sustain their burden on the motion to show the substance of the proposed testimony, its relevance and materiality, or that the witnesses will indeed testify for them. Appellants "must make a bona fide showing and must not only name [their] witnesses but make it clear to the court that the witnesses have been contacted and will testify in behalf of the [appellants]; and [appellants] should specify the substance of the testimony which it is claimed each such witness will give" *(Radatron, Inc. v Z.Z. Auto Tel.,* 30 AD2d 760, 761). Although appellants have described the roles played by each of the named witnesses in treatment, they have not described the substance of the testimony to be given, and, indeed, will not be able to do so unless and until the witnesses have been interviewed in accordance with proper procedure, i.e., through formal discovery proceedings *(see, Anker v Brodnitz, supra; Lewandowski v Ambrosetti,* 32 AD2d 660; *Hojohn v Hamilton,* 78 AD2d 570; *Hurlbut v Whalen,* 58 AD2d 311; 2 Weinstein-Korn-Miller, NY Civ Prac ¶ 510.14).

We note that venue for deposing a nonparty witness lies in the residence or business county of the nonparty witness and not in the county in which the action is pending (CPLR 3110 [2]). Thus, in the event that appellants move for and obtain leave to depose the witnesses in question, those witnesses will not be inconvenienced by depositions, and appellants will be able to secure the requisite information to support a motion to change venue. Accordingly, appellants may renew their motion if depositions are conducted and the requisite supporting proof is obtained, as a motion to change venue may be made

anytime before trial *(Korman v City of New York,* 89 AD2d 888, *supra).* Mangano, J. P., Gibbons, Thompson and Kunzeman, JJ., concur.