■ DAVID SINGER, Appellant, v JOSEPH LOWI et al., Defendants, and ANDOR PFEIFFER, Respondent. (And a Third-Party Action.)—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Vaccaro, J.), dated April 4, 1986, which granted the defendant Andor Pfeiffer's motion to change the venue of the action to Queens County, and denied a cross motion by the plaintiff to retain venue of the action in Kings County.

Ordered that the order is affirmed, with costs.

At the time he commenced this action, the plaintiff, "in accordance with the absolute right conferred by CPLR 509" *(Grzesiak v Abraham & Straus Stores,* 72 AD2d 729, 730), designated Queens County as the venue on the basis that the principal office of a corporate defendant was located therein *(see,* CPLR 503 [c]). Venue could thereafter be changed to another county only in accordance with the applicable statutory provisions *(see, Grzesiak v Abraham & Straus Stores, supra,* at 730), i.e., by order upon motion or by consent *(see,* CPLR 509 *et seq.),* neither of which occurred in this case. Rather, it appears that the plaintiff unilaterally changed the venue to Kings County by, *inter alia,* designating that county in the caption of the bills of particulars, and thereafter placing the case on the Trial Calendar of the Supreme Court, Kings County, by filing a note of issue and certificate of

readiness in that county. The plaintiff argued in support of his cross motion to retain venue in Kings County that because the corporate defendant residing in Queens County did not appear in the action, the proper venue was Kings County, the county of residence at the time the action was commenced of both the plaintiff and the individual defendant Andor Pfeiffer. However, even assuming that the nonappearance of the corporate defendant rendered the venue in Queens County improper, the plaintiff waived his right to venue in Kings County by designating Queens County as the venue in the first instance *(see, Kelson v Nedicks Stores,* 104 AD2d 315, 316; *Papadakis v Command Bus Co.,* 91 AD2d 657, 658).

Finally, we do not address the plaintiff's contention that the defendant Pfeiffer was guilty of laches in moving to return the venue of the action to Queens County, inasmuch as that contention was not raised in the Supreme Court *(see, e.g., Fresh Pond Rd. Assocs. v Estate of Schacht,* 120 AD2d 561, *lv denied* 68 NY2d 802). Bracken, J. P., Brown, Eiber and Kooper, JJ., concur.