■ Iris Litt, Appellant, v Edward Balmer, Respondent.— Order, Supreme Court, New York County (Edward Greenfield, J.), entered December 2, 1987, which granted defendant-respondent's motion for a change of venue, unanimously reversed, on the law, the facts and in the exercise of discretion, and the motion denied, without costs.

Respondent's motion for a change of venue from New York County, where appellant resides, to Ulster County, where this transitory action arose, on the ground that the convenience of material witnesses required it, should have been denied. Respondent offered no reason why this motion, made nearly 2½ years after his answer had been served, was not made within a reasonable time after the action was commenced (CPLR 511 [a]). Moreover, the supporting affidavits of respondent's two proposed witnesses did not establish the materiality of their testimony. The conclusory assertion found in these identical affidavits that, if called, the witnesses "would testify concerning the facts of the incident, as well as the surrounding condition at the time of the incident" is inadequate. In view of the fact that appellant's treating physicians are located in New York County, the balance of factors favors retaining venue there. (Schneeweiss v Pelkey, 138 AD2d 271 [1st Dept 1988].) Given respondent's lack of diligence in seeking the change and the fact that the case had been set for trial before the motion was decided, Supreme Court abused its discretion in disturbing appellant's choice of venue. (Hillegass v Duffy, 104 AD2d 969 [2d Dept 1984]; Fickling v Carter, 91 AD2d 578 [1st Dept 1982].) Concur—Sullivan, J. P., Carro, Milonas, Rosenberger and Smith, JJ.