■ SALVATORE F. TORO, as Administrator of the Estate of YOLANDA TORO, Deceased, Respondent, v THOMAS GRACIN, Appellant, et al., Defendant. (And a Third-Party Action.)— Order, Supreme Court, Bronx County (Jack Turret, J.), entered May 12, 1988, which, *inter alia,* denied defendant's motion to change venue from Bronx County to Queens County pursuant to CPLR 510 (3), unanimously reversed, on the law, the facts and in the exercise of discretion, and the motion granted without costs.

We cannot agree with the motion court that the five-month period from the date of commencement of the action to the bringing on of this motion constituted "inordinate delay" of the magnitude to deny relief. It must be emphasized that this motion was brought pursuant to that cited section of the CPLR venue article (art 5) which permits such a motion to be made at "any time before trial" *(Korman v City of New York,* 89 AD2d 888). The motion court cited in support of its determination *Hillegass v Duffy* (104 AD2d 969), which involved over a four-year delay and is thus readily distinguishable from the situation presented here *(see also,* for examples of years of excessive delay, *Micale v Jones,* 96 AD2d 791; *Grzesiak v Abraham & Straus Stores,* 72 AD2d 729; *Boriskin v Long Is. Jewish-Hillside Med. Center,* 85 AD2d 523). We note that defendants made their motion before they had any notice that a note of issue had been filed, and this is not a situation where the "matter was on the Ready Trial Calendar, and a jury was about to be selected". *(Fickling v Carter,* 91 AD2d 578.)

In this wrongful death action the only indicia for retaining venue in Bronx County is the residence of the plaintiff administrator. Countervailing considerations placing venue, in the proper exercise of discretion, in Queens County are that the fatal motor vehicle accident occurred in Queens County, thus invoking the general rule that a transitory action should be brought where the cause of action arose *(see, Slavin v Whispell,* 5 AD2d 296). Furthermore, three eyewitnesses are Queens residents, and all medical treatment took place in

Queens County. Movants made a detailed disclosure of the expected testimony of these witnesses *(Thomas v Small,* 121 AD2d 622). Also, the police investigation reports were made by officers from the local Queens precinct where the accident occurred. These factors outweigh any to the contrary pertaining to Bronx County, and it was therefore error for the motion court to have denied the application. Concur—Sullivan, J. P., Carro, Milonas, Ellerin and Wallach, JJ.