■ DENNIS O. CAMPOS, an Infant, by His Mother and Natural Guardian, ESPERANZA CAMPOS, et al., Appellants, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION et al., Respondents.—Order of the Supreme Court, Bronx County (Howard R. Silver, J.), entered on October 10, 1989, which, *inter alia,* granted the motion by defendants New York City Health and Hospitals Corporation and the City of New York to change the venue of this action to New York County, is unanimously reversed on the law, the facts and in the exercise of discretion to the extent appealed from, and the motion for a change of venue is denied, without costs or disbursements.

The instant action is for damages for personal injuries arising out of defendants' alleged medical malpractice. The complaint asserts that plaintiffs were furnished with negligent obstetrical, prenatal, neonatal and pediatric care and treatment at both Harlem Hospital and the New York City Health Clinic, known as Manhattanville M.I.C.—F.P. Center. The infant plaintiff, Dennis O. Campos, was born at Harlem Hospital on April 25, 1979 and purportedly suffers from permanent

brain damage, along with a number of other related problems, as a result of defendants' supposed malpractice. This litigation was commenced on May 9, 1986 in Bronx County, where Dennis resides with his mother, plaintiff Esperanza Campos, and has, in addition, received all of his contemporary medical treatment and schooling. Issue was joined on or about June 3, 1986 with the service of defendants' answer, and defendants conducted their examination before trial in August of 1987. Thereafter, a certificate of readiness was filed on April 4, 1988. Moreover, during the course of the proceedings in Bronx County, defendants participated without objection at a preliminary conference, a stipulation to a preliminary conference order, motion practice with respect to discovery and various conferences and court appearances.

Yet, some three years after the lawsuit against them had been instituted, defendants, in a notice of motion dated March 31, 1989, for the first time sought a change of venue, citing CPLR 505 (a) and McKinney's Unconsolidated Laws of NY § 7401 (3) (New York City Health and Hospitals Corporation Act [L 1969, ch 1016, § 1] § 20 [3], as amended). Pursuant to CPLR 505 (a), the "place of trial of an action by or against a public authority constituted under the laws of the state shall be in the county in which the authority has its principal office or where it has facilities involved in the action." Section 7401 (3) of Unconsolidated Laws of NY states that "[a]ll actions against the corporation of whatever nature shall be brought in the city of New York, in the county within the city in which the cause of action arose, or if it arose outside of the city, in the county of New York." It is clear that under these provisions, the present action should initially have been brought in New York County since Harlem Hospital and the Manhattanville Center are both located there, and New York County is, consequently, the site of the alleged malpractice.

However, CPLR 511 (a), which deals with the question of when a motion or demand for a change of venue must be made, declares that such a request for a "change of place of trial on the ground that the county designated for that purpose is not a proper county shall be served with the answer or before the answer is served. A motion for change of place of trial on any other ground shall be made within a reasonable time after commencement of the action." It is evident that defendants herein did not make the subject motion either prior to or in conjunction with their answer, and three years can hardly be deemed "a reasonable time after commencement of the action." While defendants correctly urge that a

consideration of the convenience of material witnesses is not applicable where the action has not been commenced in a proper county (CPLR 510), and that there is authority for the proposition that a motion to change venue may be submitted any time before trial *(Toro v Gracin,* 148 AD2d 364; *Brevetti v Roth,* 114 AD2d 877; *Korman v City of New York,* 89 AD2d 888), the fact remains that when a party fails "to make a timely statutory demand for a change of venue * * * [i]t is thus foreclosed from obtaining a change of venue pursuant to [the pertinent provision(s)] and the issue is committed to the court's discretion" *(Losicco v Gardner's Vil.,* 97 AD2d 535). In exercising its discretion, the court should certainly take into account whether the request for a change of venue has been made with due diligence *(Schneeweiss v Pelkey,* 138 AD2d 271, 272). A delay as long as the one which occurred in the present situation, following years of inaction by the movants and extensive proceedings in Bronx County, is, absent extraordinary circumstances not here apparent, simply not excusable *(see, Hillegass v Duffy,* 104 AD2d 969; *Micale v Jones,* 96 AD2d 791; *Boriskin v Long Is. Jewish-Hillside Med. Center,* 85 AD2d 523; *Grzesiak v Abraham & Straus Stores,* 72 AD2d 729). Accordingly, defendants' motion for a change of venue was untimely and should not have been granted. Concur—Ross, J. P., Milonas, Rosenberger, Kassal and Rubin, JJ.