■ PATRICIA SOUFAN, Respondent, v ARGO PNEUMATIC Co., INC., et al., Appellants and Third-Party Plaintiffs-Appellants.

MICHAEL A. SOUFAN, Third-Party Defendant-Respondent.—Order, Supreme Court, Bronx County (Bertram Katz, J.), entered March 26, 1990, which denied defendants' motion for an order renewing defendants' application, pursuant to CPLR 510, changing the place of trial of this action to Queens County, unanimously reversed, on the law, the facts and in the exercise of discretion and the motion to renew is granted and upon renewal a change of venue to Queens County is granted, without costs.

This personal injury action arises out of a motor vehicle accident which occurred at the intersection of Jewel Avenue and 110th Street in Queens. Plaintiff, a resident of Queens, commenced this action in Bronx County, based upon the Bronx residency of defendant Michael McDermott. (CPLR 503 [a].) Plaintiff was a passenger in a vehicle allegedly struck by the vehicle being operated by McDermott. Defendant Argo Pneumatic Co., Inc., which owned the vehicle operated by McDermott, has its principal place of business in Jackson Heights, Queens. The third-party defendant, Michael Soufan, is the plaintiff's spouse and driver of the vehicle in which the plaintiff was a passenger at the time of the accident. He also resides in Queens.

In support of the motion to renew, McDermott submitted an affidavit which, *inter alia:* (1) named three eyewitnesses to the accident; (2) specified the location of their respective residences in Queens; (3) stated the relevance and materiality of their testimony in that they observed the vehicle operated by third-party defendant Michael Soufan proceed into the intersection against a red light; and (4) indicated that venue in Bronx County would be inconvenient to the witnesses. The affidavit also stated that the police officer who prepared the accident report (Form MV-104) was assigned to a precinct in Queens and that a trial in the Bronx would be inconvenient. Moreover, the information contained in the affidavit was supported by the depositions of one witness and the police officer, the accident report and an investigator's report regarding the two other alleged witnesses. In this regard, we reject the notion, implicit in the IAS court's determination, that the inconvenienced witnesses must submit affidavits. A movant's burden is met if there are sworn averments that the witnesses have indicated that they would be inconvenienced. Finally, the record also indicates that all of the plaintiff's treating physicians are located in Queens.

Based upon the foregoing, the only nexus to Bronx County is the residency of McDermott. Consequently, while venue in

Bronx County may be proper (CPLR 503 [a]), the above-cited "factors [clearly] outweigh any to the contrary pertaining to Bronx County, and it was therefore error for the motion court to have denied the application." *(Toro v Gracin,* 148 AD2d 364, 365 [1st Dept 1989]; *see also, Meier v Ford Motor Co.,* 93 AD2d 729 [1st Dept 1983]; *Seabrook v Good Samaritan Hosp.,* 58 AD2d 538 [1st Dept 1977].) In our view, changing venue to Queens County, where the accident occurred, will be more convenient for material witnesses and will promote the ends of justice. (CPLR 510 [3].)

Finally, the argument that the motion to change venue should be denied as untimely is without merit. A motion pursuant to CPLR 510 may be made at any time. *(Toro v Gracin, supra; Korman v City of New York,* 89 AD2d 888 [2d Dept 1982].) Moreover, a change of venue will not prejudice the plaintiff by delaying the trial because there is outstanding discovery and the note of issue has not been filed. *(See, Toro v Gracin, supra.)* Concur—Sullivan, J. P., Rosenberger, Wallach, Asch and Smith, JJ.