■ SANDRA GRIZZEL, Respondent, v F.M. TRANSMIX CORP. et al., Appellants.—In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Williams, J.), dated August 31, 1989, which denied their motion for a change of venue to Suffolk County and granted the plaintiff's cross motion for a change of venue to Queens County.

Ordered that the order is reversed, with costs, the defen-

dants' motion is granted, the cross motion is denied, and the Clerk of the Supreme Court, Kings County, is directed to deliver to the Clerk of the Supreme Court, Suffolk County, all papers filed in the action and certified copies of all minutes and entries pursuant to CPLR 511 (d).

It is settled that a plaintiff will forfeit the right to select the venue of an action by choosing an improper venue in the first instance (see, Singer v Lowi, 132 AD2d 542; Kelson v Nedicks Stores, 104 AD2d 315; Siegel, NY Prac § 123; 2 Weinstein-Korn-Miller, NY Civ Prac ¶ 511.04). The improper designation of Kings County by the plaintiff precludes her from now designating Queens County as the county of venue.

Since the defendant Edward T. Nally resides in Suffolk County, the defendants' motion for a change of venue to that county should have been granted (see, CPLR 503 [a]). Further, while the place of trial may be changed on motion of a party for "the convenience of material witnesses" (CPLR 510 [3]), such a motion must be supported by a statement naming the witnesses and setting forth what their testimony would be. Absent such a showing, the motion must be denied (see, Alexandre v Pepsi-Cola Bottling Co., 150 AD2d 742; Ferrigno v General Motors Corp., 134 AD2d 479; Greene v Hillcrest Gen. Hosp., 130 AD2d 621). As the plaintiff herein failed to set forth the nature of the potential testimony by her physician, the court improperly granted her cross motion to change venue to Queens County on that basis. Mangano, P. J., Brown, Sullivan, Harwood and Miller, JJ., concur.