Tonioli v Hilbert (2004 NY Slip Op 50049(U))

[*1]

Tonioli v Hilbert

2004 NY Slip Op 50049(U)

Decided on January 7, 2004

Supreme Court, Bronx County,

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 7, 2004

Supreme Court, Bronx County,
 Marcia Tonioli, Plaintiff,
against
Christopher Hilbert, Defendant.
Index No.: 0014852/2003

Nelson S. Roman, J.
Plaintiff, MARCIA TONIOLI, commenced the instant action, on or about April 1, 2003, against defendant, CHRISTOPHER HILBERT, seeking monetary damages for personal injuries. Following joinder of issue, plaintiff moves for partial summary judgment on the issue of liability and defendant cross-moves for change of venue. For the following reasons, the motions are denied:
MOTION FOR PARTIAL SUMMARY JUDGMENT:
Plaintiff, an alleged domestic employee, asserts that on or about February 13, 2003, at approximately 7:00 a.m., while in the employment of defendant, she stepped out onto defendant's driveway for the purpose of retrieving recently delivered "milk bottles." Unbeknownst to plaintiff, a significant amount of ice accumulated on the ground. As plaintiff retrieved the milk and began walking back into the house, she slipped on ice and fell to the ground causing the "milk bottles to shatter and cut open" the right hand palm and left wrist. Plaintiff now seeks summary judgment on the issue of liability. In particular, plaintiff asserts defendant's failure to obtain workers' compensation coverage does not limit her to the exclusive remedies offered thereunder and is thus entitled to compensation in a plenary action.
Summary judgment is the procedural equivalent of a trial. (S.J. Capelin Assoc., Inc. v Globe Mfg. Corp., 34 NY2d 338 [1974]). It is a drastic remedy and should not be granted where there is any doubt as to the existence of a triable issue. (Rotuba Extruders v Ceppos, 46 NY2d 223 [1978]). The proponent of a motion for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law, presenting sufficient evidence, in admissible form, to eliminate any material issues of fact from the case. (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]). Failure to make such a showing requires denial of the motion, regardless of the sufficiency of the opposing papers. (Winegrand, supra at 853).
In exchange for a swift and secure payment of benefits for injuries sustained in the [*2]course of employment, without regard to fault, the Workers' Compensation Law ("WCL") generally requires employees to forfeit their right to maintain a common-law tort action against their employers and co-employees for work-related injuries (See, Billy v Consolidated Mach. Tool Corp., 51 NY2d 152, 159 [1980]; O'Rourke v Long, 41 NY2d 219, 222[1976]). The legislature, however, has saw fit to create several narrow exceptions. WCL §11 provides in relevant part, an employer's failure to maintain coverage affords the employee an option to either sue for the damages sustained as a result of the injury, or to seek the benefits provided under the WCL. In those instances wherein the employee foregoes the benefits of the WCL, the unavailability of benefits or insurance for compensation benefits, however, is essential to the employee's cause of action for negligence and must be alleged and proved. (Gyory v. Radgowski, 89 AD2d 867 [1982]). Moreover, an employee who properly exercises his/her option to seek compensation in plenary action must demonstrate negligence on the part of the employer. (Morgan v. Robacker, 2 AD2d 637 [1956]).

WCL § 2 defines an employee in pertinent part as a person engaged in one of the occupations enumerated in WCL § 3 and shall not include a domestic servant except as provided in WCL § 3. WCL § 3 provides worker's compensation benefits shall be payable to domestic workers which is employed by the same employer for a minimum of forty (40) hours per week. Thus, a domestic employee is subject to the protections afforded under the WCL if said individual works for the same employer at least forty (40) hours a week. (See, WCL § 2[4]; § 3[1] [Group 12]; Maliszewska v. Dupuy, 289 A.D.2d 683 [2001]). Similarly, an employee can be brought within the class of workers for whom such benefits must be provided if the employer voluntarily elects to cover them. ( Haber v. St. Paul Guardian Ins. Co., 137 F.3d 691[C.A.2 {NY}1998]).

In support of her contentions, plaintiff avers she commenced her employment as a domestic servant with defendant(s) on or about December 2002. She worked approximately forty six (46) hours a week and her responsibilities included caring for defendant(s) two children, light cleaning, shopping, and taking care of the laundry. While such assertions clearly place plaintiff within the protected class of the WCL, it is insufficient to warrant the relief requested herein. In opposition, defendant avers plaintiff worked less than forty (40) hours a week. Thus, there is an issue of fact as to whether plaintiff is a "employee" for purposes of the WCL. Moreover, the court notes whether a particular person is an employee within the meaning of the workers' compensation statutes is "usually a question of fact to be resolved by the Workers' Compensation Board." ( O'Rourke v. Long, at 224, citing Matter of Gordon v. New York Life Ins. Co., 300 NY 652[1959]; see also Firestein v. Kingsbrook Jewish Med. Center, 137 AD2d 34, 41[1988]).
MOTION TO CHANGE VENUE:
Plaintiff's cause of action arises out of a slip and fall incident on defendant's residence in Westchester County. It is undisputed that at the time of the incident, February 13, 2003, plaintiff was employed by defendant(s) and that plaintiff was a resident of Mt. Vernon, NY (Westchester County). Plaintiff, however, asserts that at the time she commenced the action she was a Bronx [*3]resident. Defendant seeks to transfer the action from Bronx County to Westchester County on the basis that Bronx County is the improper venue (CPLR § 510[1]) and for the convenience of material witnesses (CPLR § 510[3]).
IMPROPER VENUE
CPLR § 503(a) provides in pertinent part, the place of trial shall be in the county in which one of the parties resided when it was commenced or , if none of the parties then resided in the state, in any county designated by the plaintiff. A defendant seeking to change the place of trial on the basis that the venue chosen is improper, shall file a written demand for change of venue with the answer or before the filing of the answer. CPLR § 511(a). Here it is undisputed that defendant(s) served a demand for change of venue with his answer.

However, CPLR § 511 (b) further provides that upon serving a written demand for change of venue, "the defendant may move to change the place of trial within fifteen days after service of the demand, unless within five days after such service plaintiff serves a written consent to change the place of trial to that specified by the defendant. Defendant may notice such motion to be heard as if the action were pending in the county he specified, unless plaintiff within five days after service of the demand serves an affidavit showing either that the county specified by the defendant is not proper or that the county designated by him is proper." Failure to make the requisite motion within 15 days of the Demand For Change Of Venue waives the authority to change an improper venue as a matter of right.(See, Pittman v. Maher, 202 A.d.2d 172 [1994]). It then becomes a request subject to the courts discretion. CPLR § 510 (3).
A review of the court files reveals that defendant failed to timely move via motion within the fifteen (15) day statutory time period. CPLR 511(b). Thus, the motion is untimely. Moreover, CPLR § 503 plainly states the place of trial shall be in the county wherein one of the parties resided when the action is commenced. Though defendant has submitted some evidence that plaintiff resided in Westchester County at the time of her fall, there is sufficient evidence to demonstrate that at the commencement of the action plaintiff resided in Bronx County. (See, Plaintiff's Affidavit in Opposition to Defendants' Cross-motion, Exh. 8 [New York State Driver's License] and Exh. 9 [Voter Registration]. For all these reasons, that portion of the motion seeking to change venue as improper must be denied.
CONVENIENCE OF WITNESS(ES)
A motion for change of venue based on the convenience of material witness(es) shall be made within a reasonable time. CPLR § 511(a). Five months after the action was commenced has been deemed "within a reasonable time."( Toro v. Gracin, 148 A.D.2d 364 [1989]). Thus, the instant motion is timely.
While it is well settled law that a motion for change of venue on the grounds of [*4]convenience of witness is addressed to the sound discretion of the trial court (Pittman v. Maher, supra; Hartigan v. Kurian, 224 AD2d 299 [1996]), the burden of demonstrating the witnesses would be better served by the change of venue rest with movant. (Iassinki v. Vassiliev, 220 AD2d 372 [1995]). The movant, however, need not provided a witness affidavit but must provided sworn averments that the witness has indicated he/she would be inconvenienced. (Soufan v. Argo Pneumatic Co., Inc., 170 AD2d 289 [1991]). In addition, courts have required movant to demonstrate, the identity of the proposed witness, manner in which they will be inconvenienced, represent the witness is available and willing to testify for movant, the nature of the anticipated testimony, and the manner in which such testimony is material to the issues raised in the case. ( Iassinki v. Vassiliev, at 373 citing Cardona v. Aggressive Heating, 180 AD2d 572[1992]). Here, movant has not satisfied all of the foregoing factors. Moreover, it may not be presumed that a witness will be inconvenienced merely because the courthouse is located in an adjacent county.(See, Pittman v. Maher, supra ). Accordingly, that portion of the motion seeking to change venue for the convenience of witnesses and in the interest of justice must be denied.
Plaintiff is directed to serve a copy of this decision and order, with notice of entry, upon all parties within twenty one (21) days hereof.
Upon plaintiff filing a copy of this decision and order, with notice of entry, the clerk of the court is directed to place this matter on the DCM Calendar, Part 11, for a preliminary discovery conference.
This constitutes the decision of the court.
 Nelson S. Roman, J.S.C.
Decision Date: January 07, 2004