SALVATORE ZAPPALA, Respondent, v. JOHN L. DYER, JR., Appellant.— In a negligence action to recover damages for personal injuries, defendant appeals from an order of the Supreme Court, Kings County, entered August 18, 1965, which denied his motion to change the place of trial of the action from Kings County to Orange County. Order affirmed, with $10 costs and disbursements. No opinion. Brennan, Rabin and Hopkins, JJ., concur; Beldock, P. J., and Christ, J., dissent and vote to reverse the order and grant the motion, with the following memorandum: CPLR 503 (subd. [a]) provides that, except where otherwise prescribed by law, the place of trial shall be in the county in which one of the parties resided when the action was commenced. This negligence action, arising out of an accident in Orange County on October 15, 1962, was commenced in Kings County on May 7, 1965, at which time defendant was a resident of Orange County. Plaintiff was at that time, and for several months prior thereto had been, residing temporarily in Kings County at the Brooklyn Branch of the Industrial Home for the Blind, receiving vocational rehabilitation. Plaintiff had no other address in Kings County. Both before and after his stay at the Home (which ended on June 11, 1965), he lived in and paid rent for an apartment in Orange County. Residence within the meaning of the statute must be characterized by some element of permanency, a place where one abides with the intention of remaining (*Bradley* v. *Plaisted,* 277 App. Div. 620; *Hurley* v. *Union Trust Co. of Rochester,* 244 App. Div. 590). The facts in this case do not show an element of permanency in the residence at the Home or that the Home was in a place where plaintiff intended to remain. This court has held that a mere stopover at a hotel or a rooming house or a mountain resort is not sufficient to establish a residence within the meaning of the statute (*Oelkers* v. *Hulseberg,* 200 Misc. 352, affd. 279 App. Div. 669). See, also, *Hammerman* v. *Louis Watch Co.* (7 A D 2d 817) and *Rosenthal* v. *Brethren of Israel* (13 A D 2d 735). The stopover at the Home for rehabilitation in the case a bar is in the same category. The fact that the stay was for several months did not make the Home a residence for plaintiff, since he had no intention of remaining there.

In the Matter of DOROTHEA K. MATTHEWS, Petitioner, v. SUPREME COURT OF THE STATE OF NEW YORK et al., Respondents.— Proceeding *inter alia* to prohibit respondents Edward Robinson, Jr., a Justice of the Supreme Court, Nassau County, and Ward R. Burns, attorney for defendants in a certain law suit, from making or entering any order dismissing the undertaking given to secure payment of any judgment which petitioner might recover against defendants in said action (*Matthews* v. *Schusheim*) and to direct respondent Robinson to vacate and set aside his determinations closing the examination before trial of one of said defendants and dismissing said action. Petitioner has made two separate motions in the proceeding, (1) to amend the petition so as to add the surety on the undertaking as a respondent and to enjoin said surety from releasing certain collateral security and (2) to stay all proceedings in said action pending determination of this proceeding. Respondent Burns has made a motion to dismiss the proceeding upon an objection in point of law. Motion to amend petition, etc., denied; motion to dismiss proceeding granted; proceeding dismissed as against all respondents; and motion for stay denied, as academic; without costs as to all determinations. Ughetta, Acting P. J., Brennan, Hill, Hopkins and Benjamin, JJ., concur.