■    JANET FITZPATRICK, Individually and as Administratrix of the Estate of RONALD FITZPATRICK, Deceased, Respondent-Appellant, v SULLIVAN, MAGEE AND SULLIVAN, INC., Defendant and Third-Party Plaintiff-Appellant-Respondent, and ROCKART REALTY, INC., Appellant-Respondent. J. P. PATTI Co., INC., Third-Party Defendant-Appellant-Respondent.—In an action to recover damages for wrongful death and conscious pain and suffering, (1) defendant Rockart Realty, Inc., the defendant third-party plaintiff (hereinafter called Sullivan) and the third-party defendant have appealed from stated portions of an order of the Supreme Court, Kings County, dated January 17, 1975, which *inter alia* denied motions of defendant Sullivan to change the venue from Kings County to Suffolk County as a matter of right or, in the alternative, to Rockland County in the exercise of discretion and for the convenience of witnesses (Sullivan, by its brief, has limited its appeal to the portions of the order expressly above mentioned); and (2) plaintiff has cross-appealed from so much of the same order as denied, as academic, her motion to retain the venue in Kings County. Appeals by defendant Rockart Realty, Inc., and the third-party defendant dismissed; neither of said parties have filed a brief. Appeal by plaintiff dismissed as moot in view of the disposition herein upon the appeal by Sullivan. Upon the appeal by Sullivan, order affirmed insofar as appealed from. Plaintiff is awarded $20 costs and disbursements against Sullivan and no other award of costs is made. Plaintiff, her husband (the decedent) and their one-year-old child resided at Bellport in Suffolk County. The husband was a school teacher employed in Suffolk County. In June, 1973 he took employment for the summer as a roofer for the third-party defendant, working at a construction site at Blauvelt in Rockland County. In the last week of June, 1973, plaintiff and her family moved into the Kings County residence of her parents for the duration of her husband's employment in Rockland County. On July 3, 1973 the husband fell through a hole in the roof at the construction site and soon after died of the injuries he sustained. This action was commenced in August, 1973. Over a year later, on October 9, 1974, Sullivan served a demand that the venue be changed from Kings County to Suffolk County. On or about October 11, 1974 plaintiff served an affidavit showing that Suffolk County was not proper and that Kings County was proper. A motion to change the venue to Suffolk County, on the ground that the county designated was not a proper county, was made on November 18, 1974. CPLR 511 (subd [b]) requires that such a motion be made within 15 days after service of the demand for a change (unless the plaintiff has consented thereto). When such a motion is untimely, it is one addressed to the court's discretion rather than one based on right. Another motion to change the venue to Rockland County on the grounds of convenience of witnesses and in the interests of justice was made on December 24, 1975. Both motions

were denied. The question on this appeal is whether there was an abuse of discretion by Special Term in denying both these motions. We perceive no such abuse. Whether or not the plaintiff's temporary residence in her parents' home in Kings County *before the fatal accident and at the time of the commencement of the action* was sufficient to satisfy the requirement of CPLR 503 (cf. *Zappala* v *Dyer,* 25 AD2d 687), the circumstances of this case indicate the propriety of retaining venue in Kings County. The only nexus with Suffolk County is the residence of plaintiff, whereas many of her husband's coworkers reside in or near Kings County. Sullivan has its place of business at Saddle Brook, New Jersey; Rockart Realty has its place of business at White Plains, New York; and the third-party defendant has its place of business at East Rutherford, New Jersey. From the standpoint of convenience, it is obvious that Kings County provides a central location convenient to all the parties and to the witnesses. Hopkins, Acting P. J., Martuscello, Cohalan, Christ and Munder, JJ., concur.