■ Lois T. Pentifallo et al., Respondents, v Hilton of Panama, S. A., et al., Appellants, et al., Defendants. — Order of the Supreme Court, New York County (Maresca, J.) entered June 29, 1981 granting reargument and, upon reargument, denying the motion of Hilton of Panama, S. A., to dismiss on the ground of *forum non conveniens,* and denying the cross motion of Hilton International Company for summary judgment modified, on the law and the facts, without costs, to the extent of granting summary judgment to Hilton International Company and, except, as so modified, affirmed. We are all in agreement that the cross motion of Hilton International Company (Hilton) for summary judgment should have been granted. Except for the fact that Hilton of Panama, S. A. (Panama) is a subsidiary of Hilton and used the Hilton Reservation Service to transmit requests for reservations to Panama and to convey Panama's responses to those who requested the reservations, there is nothing to link Panama and Hilton. This connection is insufficient to impose liability on Hilton for the acts of Panama. Panama's motion to dismiss on the ground of inconvenient forum presents a closer question. Nevertheless, we do not think that Special Term erred in denying the motion. While the accident occurred in Greece and Greek law will be applicable, there is nothing to show that greater inconvenience will be occasioned to Panama from trying the case here than would be occasioned to plaintiffs from trying the case in Greece. We are told that witnesses to the accident will be inconvenienced. However, we are not told how many such witnesses there are, the purport of their testimony or their addresses. Since Athens and its environs are a favorite vacation spot it is

reasonably inferable that witnesses, if any, to the accident itself resided in countries other than Greece. Whether bringing them together in Greece rather than in New York will be more convenient is open to question. As to the medical treatment received by plaintiff Lois Pentifallo, the treatment in Greece was purely emergency. There has been treatment here and the plastic surgery, if performed, will be performed here. Upon close consideration of all of the elements in this case, we are unable to conclude that Greece is a more convenient forum. Concur — Sullivan, J. P., Lupiano, Bloom and Fein, JJ.

Silverman, J., dissents in part in a memorandum as follows: I would also dismiss the action as against Hilton of Panama, S. A., on the ground of *forum non conveniens*, on condition that defendant stipulates that in any action to be brought against it by plaintiffs, within one year, in Greece (or in New Jersey, if that defendant is amenable to service there) it will not interpose the defense of the Statute of Limitations unless the statute had already run in that jurisdiction at the time this action was commenced in New York. New York has absolutely no relation to this case. Plaintiff Lois Treger Pentifallo, a resident of New Jersey, visiting in Athens, claims to have been hurt when she walked into a glass door in the Athens Hilton Hotel, which is operated by defendant Hilton of Panama, S. A. That defendant is not authorized to do business in New York. While the "Hilton Reservation Service" in New York can be used to secure reservations at the Athens Hilton, that service only relays such requests for reservations and does not itself accept business for Hilton of Panama. And, in any event, plaintiff did not use the Hilton Reservation Service in New York to obtain her reservation at the Athens Hilton. Plainly Greek law applies. That the law of New York may, as plaintiff suggests, be more favorable than that of Greece is irrelevant, both because New York would have to apply Greek law and because the fact that the law of the forum in which the action is brought may be more favorable to a party than the law of some other otherwise more convenient (for the court) forum is not a consideration to which substantial weight should be given on *forum non conveniens* problems (*Piper Aircraft Co. v Reyno,* __ US __, 50 USLW 4055). Despite our best efforts, New York Judges would have obvious difficulties about determining and applying Greek law, a difficulty which would not be present if the action be brought in the forum whose law applies, i.e., Greece. Further, the convenience of witnesses, etc., argues for Greece to be the appropriate forum. It was there the plaintiff was hurt; it is there the glass doors are located; it is there the hotel employees and the physicians who first treated her are located. It is true that plaintiff was also treated in New Jersey, but that came considerably after the events in Greece and the testimony of any doctor in New Jersey could not relate to all to liability. The difficulties of presenting these doctors' testimony in Greece can be as nothing to the difficulties of presenting the Greek doctors' testimony in New York, bearing in mind our hearsay rule.