■ GINA STAVREDES, Appellant, v UNITED SKATES OF AMERICA, INC., Respondent. — Order, Supreme Court, New York County (Smith, J.), entered September 28, 1981, which granted defendant's motion to change venue from New York County to Queens County, reversed, on the law and the facts and in the exercise of discretion, and the motion is denied without prejudice to renewal upon papers setting forth sufficient facts upon which such a transfer may be predicated, with costs. Plaintiff was injured at defendant's roller skating rink located in Queens County. However, defendant is a corporation, doing business in New York County and having its principal office there. The court below granted defendant's motion to transfer venue based upon the convenience of witnesses and in the interest of justice. Usually, such a decision lies within the discretion of the Trial Judge and will not be disturbed without a showing that such discretion has been abused. In this case the requisite factual showing necessary to support such an exercise of judicial discretion has not been satisfied (CPLR 510). The attorney's affidavit does not set forth the residence address of any prospective witness so that the court below could determine whether a trial in New York County would inconvenience them. The affidavit merely claims that the rink manager was an eyewitness, but it does not include any address in Queens County where he resides. It does not state to what he will be expected to testify nor the materiality of such testimony. The established rule is that the convenience of the parties themselves or that of their employees will not be considered. (*Taller & Cooper v Rand,* 286 App Div 1096.) In response to a demand for names and addresses of witnesses, the defendant did not set forth the name and address of that rink manager. The attorney's affidavit also claims that plaintiff may call other witnesses who are residents of Queens County. However, it does not set forth who those witnesses are, to what they may testify, the materiality of what they may testify to or that they will be inconvenienced by having to go to New York County for trial. This affidavit is clearly insufficient. (See McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C510:3, p 74.) The further claim of defendant is that plaintiff's treating physician and hospital are all located in Queens County. Apparently, however, the physician himself is not located in Queens. The hospital, of course, is a corporation which will have to do nothing more than to send its records to court, so there is no real inconvenience for the hospital. Accordingly, on the papers submitted, defendant's motion for a change of venue should be denied. However, since the defendant may have the required information within its knowledge or may learn the necessary facts through discovery, this disposition is without prejudice to renewal by defendant upon proper papers. Concur — Sullivan, Fein and Asch, JJ.

Kupferman, J. P., dissents in a memorandum as follows: I dissent and would affirm. The Judge at Special Term did not abuse his discretion. (See *Westwood Assoc. v Deluxe Gen.,* 53 NY2d 618.) He stated specifically: "While venue in New York is not improper, the convenience of witnesses and the ends of justice will be promoted by a change of venue." The opinion of the majority is simply another imposition on the judicial system of additional unneeded work. No wonder, with this kind of approach the Chief Justice of the United States proposes arbitration to solve disputes. (See Chief Justice Proposes Arbitration

To Stem "Avalanche" of Lawsuits, *New York Times*, Monday, Jan. 25, 1982, p A19, cols 1-3.) It is clear that the roller skating rink where the accident occurred is in Queens County. The plaintiff lives in Queens County: The hospital where the plaintiff received care is in Queens County. The defendant, a foreign corporation, while it has an office in New York County, operated the roller rink in Queens County. Its manager, an eyewitness to the incident, lives in Queens County. As to where witnesses may live, who would seek out a roller skating rink on Roosevelt Avenue, in Queens County, except those conveniently geographically situated with respect thereto. Further, in moving the action from New York County to Queens County, the Judge at Special Term could not be inconveniencing anyone. This is not like the choice between Greece and New York, recently considered in *Pentifallo v Hilton of Panama* (86 AD2d 583).