■ DONALD V. NAPLES, Respondent, v DAUBERT CHEMICAL COMPANY, Appellant. — Order entered June 23, 1981 in Supreme Court, New York County (Fingerhood, J.), denying defendant's motion for a change of venue to Richmond County, unanimously affirmed for the reasons stated by Special Term, without costs; appeal from order entered April 28, 1982 in that court, which denied defendant's motion to change venue to Orange County, unanimously dismissed as superseded, without costs; and order entered November 12, 1982 in that court, which denied defendant's motion for renewal of the April 28, 1982 order, unanimously reversed, on the law and the facts and in the interests of justice, the motion for renewal is granted, and upon renewal the motion to change venue to Orange County is granted, without costs. Although commenced in New York County, there is absolutely no nexus between the county and the cause of action justifying its being tried here. Venue clearly belongs in Orange County as that is where the accident occurred and where plaintiff resided at the time the action was begun. Defendant having failed to demand a change of venue or move for such relief within 15 days of the service of the summons (CPLR 511), this motion was directed to the discretion of the Justice sitting in Special Term. (*Callahan Inds. v Sovereign Constr. Co.,* 44 AD2d 292, 295.) The only reason the action originally was brought in New York County was, apparently, for the convenience of plaintiff's attorney. This is certainly not a factor in keeping it here. As well as being the situs of the action, presumably Orange County is also where witnesses and co-workers, if any, are located. We exercise our discretion and grant the motion on renewal, directing that the trial be held in Orange County. (Cf. *Fitzpatrick v Sullivan, Magee & Sullivan,* 49 AD2d 902, 903.) Concur — Sandler, J. P., Sullivan, Ross, Carro and Milonas, JJ.