■ GUSTAVO ALZUGARAY, an Infant, et al., Respondents, v NEW YORK TELEPHONE COMPANY, Appellant. — Order of the Supreme Court, New York County (Eugene Wolin, J.), entered on or about February 10, 1984, which denied defendant's motion to renew its motion for a change of venue, is reversed, on the law, the facts and in the exercise of discretion, the motion to renew is granted and, upon renewal, the motion to change venue from New York County to Westchester County is granted, without costs or disbursements.

While a motion for a change of venue lies within the discretion of the trial court whose determination will generally not be disturbed, we believe that, in this case, Special Term did not properly exercise its discretion. (See CPLR 510; *Stavredes v United Skates,* 87 AD2d 502.) In the instant matter, the action, while commenced in New York County, bears absolutely no relationship to that county — other than the fact that it is defendant's principal place of business — such as would justify its being tried here. (See *Naples v Daubert Chem. Co.,* 93 AD2d 745.) Venue clearly belongs in Westchester County, where the accident in question occurred, where all the witnesses, including two eyewitnesses, reside, where the plaintiff lives, where the hospital is located, where the doctors maintain their offices. and where the police officers and defendant's employees are located. Under these circumstances, the trial court should have granted the motion to renew based upon defendant's not having procured the names of the witnesses until discovery and, upon renewal, the motion for a change of venue should have been granted. Concur — Kupferman, J. P., Sullivan, Carro, Milonas and Alexander, JJ.