■ MARGUERITE OHRENSTEIN et al., Respondents, v LA-GUARDIA RACQUET CLUB, INC., Appellant.—Order, Supreme Court, New York County (Robert White, J.), entered July 2, 1985, which denied defendant's motion to change the venue of the action from New York County to Queens County, unanimously reversed, on the law, the facts and in the exercise of discretion, and the motion to change venue to Queens County granted, without costs.

A motion for a change of venue lies within the discretion of Special Term and its determination will generally not be reversed on appeal unless it clearly appears that there was an abuse of that discretion, or that the court erred in coming to the conclusion that it did. (*E.g., Alzugaray v New York Tel. Co.,* 104 AD2d 776; *Greentree Pub. Co. v Oneida Dispatch Corp.,* 59 AD2d 711.) In this case, we find that the denial of the motion was in error and we reverse.

Unless compelling reasons exist to direct otherwise, a transitory action should be tried in the county where the action arose (*Chaewsky v Siena Coll.,* 100 AD2d 753; *Slavin v Whispell,* 5 AD2d 296). This action arose in Queens County when plaintiff Marguerite Ohrenstein, a Queens resident, allegedly slipped and fell while walking down the steps of defendant's premises located in Queens County. She was treated for her injuries solely by Queens doctors and at a Queens hospital. Every nonparty witness resides in Queens.

The sole basis on which venue was initially laid in New York County was the residence of Marguerite Ohrenstein's daughter, Dora Ohrenstein Grauberd. Ms. Grauberd is joined as a plaintiff and asserts a separate cause of action seeking only $100 in damages for property damage to her tennis racket as a result of the fall.

The case would have absolutely no relationship to New York County were it not for this fortuitous happenstance, and the daughter's claim provides a tenuous basis for venue when the personal injury claim is totally related to Queens County *(see, Alzugaray v New York Tel. Co., supra).*

We are cognizant of the fact that defendant waited for more than a year from the time the action was commenced, and after full discovery and the 8-A conference procedure were completed, before moving for this change of venue. While we might ordinarily be disposed to sustain the denial of defendant's application by reason of such lengthy delay, the facts connecting this action to Queens County are so compelling as to require a reversal and the granting of the motion to change the venue to that county. Concur—Sullivan, J. P., Carro, Asch, Fein and Ellerin, JJ.