■ Paddock Construction, Ltd., Respondent, v Thomason Industries Corp. et al., Appellants. Thomason Industries Corp., Appellant, v Paddock Construction, Ltd., Respondent. Paddock Construction, Ltd., Respondent, v Thomason Industries Corp. et al., Appellants et al., Defendants. Paddock Construction, Ltd., Respondent, v Thomason Industries Corp. et al., Appellants, et al., Defendants.—Order, Supreme Court, New York County (David B. Saxe, J.), filed February 14, 1986, which consolidated two contract actions and placed venue in Albany County, and order filed February 24, 1987 adhering to the previous order reversed, on the law and the facts, and in the exercise of discretion, the two contract actions and two lien foreclosure actions consolidated and venue placed in New York County, without costs.

Plaintiff Paddock Construction, Ltd. (hereinafter Paddock) is

a construction company whose residence is deemed to be Albany County. Defendant Thomason Industries Corp. (hereinafter Thomason) has its principal place of business in Suffolk County. Thomason was a general contractor on three construction projects in New York City which were contracted out by the Department of Parks and Recreation. By the terms of the contract, Thomason consented to venue in New York County. Thomason subcontracted out a portion of this work to Paddock. The Department of Parks, dissatisfied with Paddock's performance, rejected its work.

As a result, Thomason and Paddock commenced breach of contract actions against each other. On May 22, 1985, Paddock commenced a breach of contract action against Thomason and certain sureties in Albany County (action No. 1). On June 11, 1985, Thomason commenced a breach of contract action against Paddock in New York County (action No. 2). By notice of motion dated July 8, 1985 Paddock moved in action No. 2, *inter alia,* to consolidate both actions and place venue in Albany County. Thomason cross-moved to consolidate both contract actions and to change venue to New York County on the ground that material witnesses were located in New York County. On or about August 30, 1985, Paddock commenced two lien foreclosure actions in New York County against Thomason and certain other parties. In an order filed February 14, 1986, the lower court consolidated the two contract actions and placed venue in Albany County. In April 1986, Thomason moved, *inter alia,* to consolidate the lien foreclosure actions with the two contract actions, to have the venue of all actions placed in New York County, and to renew and reargue its previous motion to change the venue for the contract actions to New York County. By an order filed February 24, 1987, the lower court granted the motion to renew and, upon renewal, adhered to its original decision. The lower court did not address that aspect of Thomason's motion which sought to consolidate the contract actions with the lien actions.

The lower court based its decision on (1) the fact that Paddock commenced its action in Albany County prior to Thomason commencing its action in New York County, (2) the insufficiency of the Thomason affidavits in support of a change of venue, i.e., the submission of work addresses instead of home addresses for certain witnesses, (3) its finding that most of the witnesses were Thomason's employees or expert witnesses, and (4) the less congested calendars in Albany County.

A decision to transfer venue based on the convenience of witnesses and in the interest of justice lies within the discretion of the Trial Judge and should not be disturbed absent a showing that such discretion has been abused. The moving party must satisfy a factual showing under CPLR 510 to support such an exercise of discretion *(see, Stavredes v United Skates,* 87 AD2d 502 [1st Dept 1982]). In *Stavredes,* this court determined that the factual basis shown to change venue was insufficient. Specifically, we noted that the affidavit in support of the motion to change venue to Queens County did not contain a residential address for any prospective witness. Further, the affidavit failed to state the materiality of what the prospective witnesses would testify to or how they would be inconvenienced by a trial in New York County.

Thomason contends that the lower court applied a standard of inconvenience which was too rigid.

The lower court abused its discretion in denying Thomason's motion to change venue to New York County. CPLR 510 contains no requirement that the address given be the witness' residential address. While it is true that *Stavredes (supra)* spoke in terms of a residential address, the decision emphasized that the affidavit in support of the motion to change venue was, on the whole, insufficient to give the court a basis on which to determine whether or not material witnesses would be inconvenienced. In its motion to consolidate the lien and contract actions, Thomason submitted an affidavit which complies with the statutory standards. Thomason included names and addresses of 18 material witnesses, 12 of whom are not Thomason employees, as well as their anticipated testimony. Approximately nine of the addresses appear to be home addresses. The addresses given are for either New York County or contiguous counties.

In addition to the convenience of witnesses, other factors favor venue in New York County. Thomason's principal office is located in Suffolk County, which is a neighboring county of New York. Thomason does business in New York County. The contract between Thomason and the Parks Department specifies New York County as the place of venue, thereby evidencing that this county was the "hub" of the construction activities. The subject projects are located in or near New York County. The cause of action arose in New York County. The voluminous documents and records are, for the most part, located in New York.

To deny venue on the basis that some addresses given were

work rather than residential ones is hypertechnical and an abuse of discretion where Thomason has substantially complied with the statutory requirements in support of a change of venue, and where various other factors favor a change of venue. In a recent case seeking a change of venue to the county where the action arose, this court held that transfer would be favored where, despite a failure to make a requisite showing of witnesses' residences, it is clear from the facts that a "preponderance of material, nonparty witnesses reside or work" in the county to which transfer is sought (*McGuire v General Elec. Co.,* 117 AD2d 523, 524 [1st Dept 1986]).

Turning to the issue of consolidating the lien actions and contract actions, there are common questions of law and fact between the contract and lien actions which justify consolidation. *(Matter of Vigo S. S. Corp. [Marship Corp.],* 26 NY2d 157 [1970], *cert denied sub nom. Snare Corp. v Vigo S. S. Corp.,* 400 US 819 [1970].) The actions arise out of work done on the same three projects for the Parks Department and involve the same parties, agencies, witnesses and documents. No prejudice to a substantial right of Paddock has been shown. *(See, Maigur v Saratogian, Inc.,* 47 AD2d 982 [3d Dept 1975].) Concur— Kupferman, J. P., Ross, Kassal, Ellerin and Smith, JJ.