■ RONALD FARRA, Individually and as Father of JOHN

FARRA, an Infant, Respondent, v SHERRY HESSELTINE et al., Appellants.—Mikoll, J. Appeal from an order of the Supreme Court (Brown, J.), entered February 24, 1987 in Saratoga County, which denied defendants' motion for a change of venue from Saratoga County to Essex County.

This is a personal injury action arising out of a collision between an automobile operated by defendant Sherry Hesseltine (owned by defendant Upstate Auto Service) and a bicycle ridden by the infant, John Farra. The accident occurred on July 15, 1984 in the Village of Lake Placid in Essex County. The record discloses that the action was commenced in Saratoga County on September 25, 1984. Defendants' answer was interposed on November 6, 1984. Defendants moved for a change of venue to Essex County pursuant to CPLR 510 (3) on December 11, 1986, some two years after issue was joined; the moving papers offer no explanation for the delay. Citing *Grzesiak v Abraham & Straus Stores* (72 AD2d 729), Supreme Court denied defendants' motion on the ground that there was an inordinate unexplained delay in moving to change venue.

In addition to the extensive delay in bringing this motion, defendants presented an insufficient showing to mandate a change in venue for the convenience of witnesses under CPLR 510 (3). In his moving affidavit, defense counsel names one apparently independent eyewitness, whom he states that plaintiff or he will call at trial. Defense counsel also names a passenger in defendants' car and a police officer who investigated at the scene, both of whom he will call. The other witnesses he names are expert witnesses, parties or only possible witnesses (i.e., four ambulance service persons). The materiality of the witnesses' testimony is not clearly set forth. Convenience to the individual witnesses, as measured by the driving time to either possible place of trial, is not substantially fostered by changing venue; the differences in driving times is not of great significance in this day and age. On this record, we cannot say that Supreme Court abused its discretion in denying the motion. The order of Supreme Court should therefore be affirmed.

Ordered affirmed, with costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.