(March 22, 1988)

■ MICHAEL SCHNEEWEISS et al., Appellants, v LLOYD H. PELKEY, Respondent.—Order, Supreme Court, Bronx County (Bertram Katz, J.), entered May 26, 1987, which granted defendant's motion for a change of venue from Bronx County to Dutchess County, is unanimously reversed, on the law, on the facts, and in the exercise of discretion, and the motion is denied, without costs.

Appeal from order of the Supreme Court, Bronx County (Bertram Katz, J.), entered July 13, 1987, which denied plaintiffs' motion for reargument and/or renewal, is treated as one for reargument, and dismissed as nonapealable, without costs.

On October 12, 1985, at approximately 10:00 P.M., Mr. Michael Schneeweiss (Mr. Schneeweiss) and Mrs. Joan Schneeweiss (Mrs. Schneeweiss) were walking near the intersection of Old Route 22 and East Duncan Hill Road in Dover Plains, Dutchess County, New York, when they were struck by a motor vehicle, which was operated by Mr. Lloyd H. Pelkey (Mr. Pelkey). Since Mr. and Mrs. Schneeweiss were injured, a Dutchess County volunteer ambulance transported them to Sharon Hospital, which was located in Sharon, Connecticut. Following two days of treatment at Sharon Hospital, they were moved by ambulance to Columbia Presbyterian Medical Center (Columbia Presbyterian) in New York County, where they were hospitalized from October 14 to November 1, 1985.

Mr. and Mrs. Schneeweiss each suffered multiple comminuted fractures of both legs, which required surgery. In addition, Mrs. Schneeweiss suffered a fractured left collarbone, and a postoperative pulmonary embolism. As a result of her injuries, on November 20, 1985, Mrs. Schneeweiss was readmitted to Columbia Presbyterian for another week of hospitalization. Thereafter, in March 1987, Mrs. Schneeweiss underwent further leg surgery at the Hospital for Joint Diseases, Orthopedics Institute, in New York County.

In January 1986, Mr. and Mrs. Schneeweiss (plaintiffs) commenced an action in Bronx County, where they then resided, against Mr. Pelkey (defendant) to recover damages for

personal injuries and loss of services. Defendant answered, and demanded that venue be changed to Dutchess County, but plaintiffs refused to consent.

Subsequently, in March 1987, defendant moved, pursuant to CPLR 510 and 511, to change the venue to Dutchess County. The IAS court granted defendant's motion.

The defendant contends, in substance, that venue should be placed in Dutchess County, where the accident occurred and for the convenience of the following possible Dutchess County witnesses: Mr. and Mrs. John Pollack, who were not eyewitnesses, but who allegedly saw plaintiffs in the vicinity of the accident, the volunteer ambulance attendants, who transported the plaintiffs from the accident scene to the Connecticut hospital, and, Police Sergeant Corbett, who made out the accident report.

While defendant's "factual showing concerning the convenience of witnesses has superficial logic, [it] does not withstand close scrutiny" *(Wecht v Glen Distribs. Co.,* 112 AD2d 891, 892 [1st Dept 1985]), since our review of the record indicates that the defendant has not convincingly set forth "[t]he materiality of [these] witnesses' testimony" *(Farra v Hesseltine,* 134 AD2d 788, 789 [1987]).

Although "[t]he general rule is that a transitory action * * * should be tried in the county in which the cause of action arose *(Slavin v Whispell,* 5 AD2d 296 [1st Dept 1958])" *(Chaewsky v Siena Coll.,* 100 AD2d 753 [1st Dept 1984], *appeal dismissed* 62 NY2d 942 [1984]), that rule is not inflexible, since other considerations on occasion outweigh it, such as when a preponderance of material witnesses are located in a county different from the one in which the accident happened *(McGuire v General Elec. Co.,* 117 AD2d 523, 524 [1st Dept 1986]); and/or, when the motion to change venue is not made with "due diligence" *(Fickling v Carter,* 91 AD2d 578, 579 [1st Dept 1982]).

In view of the fact that, other than for the two days they were hospitalized in Connecticut, all of the plaintiffs' treating physicians are located in New York County, we find that the convenience of these New York County material witnesses tips the scales in favor of retaining venue in Bronx County. It has been held that the convenience of treating physicians is a strong factor in favor of retaining venue in a county other than the one in which the accident took place *(see, Messinger v Festa,* 94 AD2d 792, 793 [1983]). We further note that defendant fails to set forth any of the testimony of his witnesses, as

required *(Stavredes v United Skates,* 87 AD2d 502 [1st Dept 1982]).

Another factor, which favors retaining venue in Bronx County, is defendant's lack of due diligence. Even though issue was joined almost a year ago, our examination of the record indicates that defendant delayed, without meritorious explanation, moving to change venue until after a preliminary conference court order had directed the plaintiffs to file a note of issue and certificate of readiness.

Based upon our analysis, *supra,* which indicates that the convenience of material witnesses and the ends of justice will be promoted by the retention of venue in Bronx County, we find the IAS court abused its discretion in changing venue.

Accordingly, we reverse and deny the motion. Concur—Murphy, P. J., Ross, Carro, Kassal and Ellerin, JJ.