■ RICHARD WEISS et al., Appellants, v SAKS FIFTH AVENUE, Respondent.—Order, Supreme Court, New York County (Herman Cahn, J.), entered September 12, 1988, granting defendant's motion to change venue from New York to Westchester County, unanimously reversed, on the law and on the facts and in the exercise of discretion, without costs or disbursements, and the motion denied.

The plaintiff husband, a Connecticut resident, was injured when he allegedly fell on a wet floor in defendant Saks Fifth Avenue's White Plains store. With its answer, defendant served a demand for a change of venue on the ground that none of the parties was a resident of New York County and that defendant was, in fact, a resident of Westchester County. Defendant thereafter moved for a change of venue as of right. The court granted the motion as a matter of discretion, noting that since the accident occurred in Westchester County the trial should take place there. We reverse.

CPLR 503 (a) provides that "the place of trial shall be in the county in which one of the parties resided when it was

commenced". In addition, CPLR 503 (c) provides that a domestic corporation or a foreign corporation authorized to transact business in this State "shall be deemed a resident of the county in which its principal office is located". *(See also,* Business Corporation Law § 102 [a] [10].) Defendant argues that in opposition to its motion for a change of venue plaintiffs relied on defendant's principal place of business, set forth as New York County in defendant's certificate of assumed name, rather than its principal office, as designated in the certificate of incorporation, and that on a venue question the latter controls. We reject this argument since principal place of business and principal office are historically used interchangeably. Thus, defendant was not entitled to a change of venue as of right. Of course, the motion court changed venue as a matter of discretion; however, defendant did not seek a change of venue on that ground. To support a motion on grounds of convenience of witnesses, the moving party must list the names and addresses of all material witnesses expected to be called and set forth the essence of their expected testimony. *(Alverio v Delta Intl. Mach. Corp.,* 139 AD2d 419; *Stavredes v United Skates,* 87 AD2d 502.) For obvious reasons, no such showing was made here. Concur—Kupferman, J. P., Sullivan, Carro, Rosenberger and Ellerin, JJ.