■ LILLIAN LONSTEIN, Respondent, v VNV ASSOCIATES, L.P., et al., Appellants, et al., Defendant.—Order, Supreme Court, New York County (Kristin Booth Glen, J.), entered March 6, 1990, which denied the motion by defendants VNV Associates, L.P. and JSM Management Corp. for a change of venue, pursuant to CPLR 510 (3), unanimously affirmed, with costs and disbursements.

Plaintiff, a Queens County resident, commenced a negligence action arising from her slip and fall on the steps of a Queens County commercial establishment owned by VNV Associates, L.P. Venue was properly placed in New York County on the basis of VNV Associates, L.P.'s principal place of business, which was located in Manhattan.

Defendants, who moved for a change of venue to Queens County pursuant to CPLR 510 (3), have the burden of establishing that the convenience of witnesses and the ends of justice will be promoted by a change of venue. *(See, Stavredes v United Skates,* 87 AD2d 502.) A review of defendants' moving papers reveals that they have failed to meet that burden. Concur—Kupferman, J. P., Sullivan, Rosenberger, Kassal and Smith, JJ.