■ BARBARA A. FREY et al., Appellants, v FUN TYME SKI SHOP, Respondent and Third-Party Plaintiff-Respondent. RAICHLE-MOLITOR USA, INC., et al., Third-Party Defendants-Respondents.—Order, Supreme Court, Bronx County (Barry Salman, J.), entered on or about December 9, 1988, which, *inter alia,* granted defendant Fun Tyme Ski Shop's motion and the third-party defendants' cross motion for a change of venue from Bronx to Greene County, unanimously reversed, on the law and the facts and in the exercise of discretion, with costs and disbursements, and the motions denied.

Plaintiff Barbara A. Frey purchased skis and bindings from defendant Fun Tyme Ski Shop at its store in Greene County on or about February 7, 1982 at which time one of the Fun Tyme's employees mounted, set and adjusted the bindings. Approximately one year later, Ms. Frey fell and was injured while skiing down the Hell's Gate trail, an expert-level trail at the time, at Hunter Mountain in Greene County. Allegedly Ms. Frey's left knee was shattered because of the failure of her left ski to release. After receiving first aid at the scene, Ms. Frey was treated in the emergency room of Memorial Hospital of Greene County and thereafter at Albany Medical Center. She subsequently underwent long-term treatment at Lenox Hill Hospital and the Hospital for Joint Diseases, both located in New York County.

Ms. Frey and her husband, Bronx residents, commenced this action against Fun Tyme in Bronx County. After joinder of issue and impleader of the distributors and manufacturers of the bindings, Fun Tyme moved for a change of venue, which was denied "without prejudice to renewal upon proper papers which shall set forth the name[s] of the material witnesses * * * defendant intends to call at the time of trial, their address[es] and the substance of their testimony." After the depositions of nonparty witnesses Coloton and Troiani, Fun Tyme, joined this time by the third-party defendants, renewed its motion, based on the convenience of three of its witnesses, all allegedly material, and residents of Greene County. Specifically, the defendants claimed that Roger Babcock, a former Fun Tyme employee and the one who was responsible for mounting, setting and adjusting bindings to skis at the time of

plaintiff's purchase, resided in Cairo, Greene County. Besides testifying to the procedures involved in mounting, setting and adjusting bindings, Babcock was expected to testify to the specific instructions that he regularly gave Fun Tyme's customers regarding the care and maintenance of their ski equipment. The defendants also cited the expected testimony of Russel R. Coloton, Jr., a resident of Hunter, Greene County, and mountain coordinator and president of Hunter Mountain Ski Bowl, who, at the time of plaintiff's accident, was the assistant mountain coordinator of Hunter Mountain. His testimony was said to include a detailed account of the procedures regularly followed in filling out an accident report such as the one involved in this case, which indicates that Ms. Frey stated only that she fell and twisted her left knee. The third material witness relied upon by the defendants was David Slutsky, also a resident of Greene County, who was the mountain manager at the time of the accident. He was expected to testify that he was familiar with the rating of Hunter Mountain's slopes and that the Hell's Gate trail was an expert trail, which could not be skied safely by an intermediate skier. Apparently, Mr. Slutsky had not yet been deposed at the time of the motion.

Plaintiffs opposed the motion on the ground that Ms. Frey was treated not only in Albany County and Greene County, but also by New York County doctors and that nonparty witness Phil Troiani, a member of the Hunter Mountain ski patrol who prepared the accident report in question, was a Suffolk County resident. An excerpt from Mr. Troiani's deposition, in which he testified as to the sources of the information contained in the report, was attached. In addition, plaintiffs relied on their residence in Bronx County. The IAS court granted the motion, justifying its determination on the convenience of the three nonparty witnesses cited by the defendants. We reverse.

It is well settled that a party seeking a change of venue pursuant to CPLR 510 (3), as is the case here, has the burden of demonstrating that the convenience of material witnesses and the ends of justice would be better served by such a change. *(Chimarios v Duhl,* 152 AD2d 508; *Stavredes v United Skates,* 87 AD2d 502.)* Moreover, the movant must set forth the names and addresses of the material nonparty witnesses and the nature and materiality of their expected testimony. *(Stavredes v United Skates, supra; Jennifer M. v Syracuse Univ.,* 155 AD2d 285.)* In this connection we note that the only address furnished by the defendants is that of Russel R.

Coloton, Jr., whose testimonial contribution at trial will be a description of the regular procedures followed in filling out an accident report such as the one in question. As noted, however, the ski patroller who spoke to Ms. Frey, recorded her statements and prepared the report was Phil Troiani, a resident of Suffolk County. Since there is no claim that Coloton has any personal knowledge of the accident, plaintiffs' argument that Troiani is a more material witness with respect to the crucial aspects of the report is well taken. No exact address was furnished for Mr. Slutsky, whose testimony will concern the fact that Hell's Gate is an expert trail, which intermediate skiers, such as Ms. Frey, cannot negotiate safely. Since plaintiffs concede that Hell's Gate is an expert trail, Mr. Slutsky's testimony does not appear to be material. While the defendants claim to have contacted Mr. Babcock, they have not provided any street address, listing his address only as Cairo, New York. Further, while it is stated that he was responsible for the mounting, adjusting and setting of bindings, we find it significant that nowhere is it alleged that he performed the work in question.

While we are not unmindful of the rule that "[u]nless compelling reasons exist to direct otherwise, a transitory action should be tried in the county where the action arose" *(Ohrenstein v LaGuardia Racquet Club,* 118 AD2d 515, citing *Chaewsky v Siena Coll.,* 100 AD2d 753; *Slavin v Whispell,* 5 AD2d 296), courts should not disturb a plaintiff's choice of venue, assuming the same to be legally proper, for the convenience of witnesses where, as here, the movant's showing is less than satisfactory. *(See, Moye v H.L. Green, Inc.,* 159 AD2d 242; *Stavredes v United Skates, supra,* 87 AD2d 502.)* Only one of the witnesses named by the defendants—Babcock—can be viewed as truly material and his current address is not even stated. Finally, we note that Fun Tyme first moved for a change of venue almost 2½ years after the commencement of the action. In moving for a change of venue for the convenience of witnesses, a party is under a duty of " 'due diligence' " to raise the issue as soon as is reasonable. *(Schneeweiss v Pelkey,* 138 AD2d 271, 272; CPLR 511 [a].) Whether the defendants acted with such dispatch in the circumstances presented appears to us to be questionable. Concur—Murphy, P. J., Sullivan, Carro and Rubin, JJ.