■ GLADYS OLIVARI et al., Respondents, v JOHN C. BECK, Appellant, et al., Defendants. (Action No. 1.) GLADYS OLIVARI, Respondent, v JOHN C. BECK, Appellant, et al., Defendants. (Action No. 2.)—Order, Supreme Court, Bronx County (Barry Salman, J.), entered on or about February 26, 1990, which denied the motion of defendant Beck to change venue from Bronx County to Rockland County, unanimously affirmed, with costs.

Plaintiffs were injured in Rockland County when their automobile was struck in the rear by an automobile operated by the defendant John C. Beck. Venue was properly placed in Bronx County, the residence of plaintiff Gladys Olivari when the action was commenced (CPLR 503 [a]). Defendant Beck moved to change venue to Rockland County primarily on the basis of the convenience of material witnesses pursuant to CPLR 510 (3). However, Beck's motion papers did not sufficiently set forth the names and addresses of all nonparty material witnesses expected to be called, and the essence of their expected testimony. *(Weiss v Saks Fifth Ave.,* 157 AD2d 475.)

To the extent that such information was set forth, it did not demonstrate that the IAS court abused its discretion in denying the motion *(Paddock Constr. v Thomason Indus. Corp.,* 133 AD2d 20, 22). The State Trooper who investigated the scene of the accident reported that defendant's vehicle struck plaintiffs' vehicle in the rear, and he issued three summonses to Beck, including one for violation of Vehicle and Traffic Law § 1129 (a) (i.e., following too closely). It thus appears unlikely that the State Trooper's testimony would be material to the defense of the plaintiffs' action. Concur—Murphy, P. J., Sullivan, Carro, Milonas and Rubin, JJ.