■ APOLONIA WILLIAMS, Respondent, v CONNECTICUT LIMOUSINE, INC., et al., Defendants, and AMERICAN TECHNICAL

CERAMICS CORP. et al., Appellants.—Order, Supreme Court, Bronx County (Anita Florio, J.), entered March 9, 1990, which denied the defendants' motion to change venue from Bronx County to Queens County, unanimously affirmed, with costs.

Venue in this personal injury action was properly placed in Bronx County, the residence of one of the defendants when the action was commenced (CPLR 503 [a] ). Defendants American Technical Ceramics Corp. and Rubin Plumkin moved to change venue on the ground that the county specified by the plaintiff was improper, but thereafter sought to establish that the convenience of material witnesses warranted the change (CPLR 510 [3]). However, the defendants' motion papers did not set forth the names and addresses of the nonparty witnesses expected to be called, and the essence of their expected testimony *(Weiss v Saks Fifth Ave.,* 157 AD2d 475). There has accordingly been no demonstration that the Supreme Court abused its discretion in denying the motion *(Paddock Constr. v Thomason Indus. Corp.,* 133 AD2d 20, 22). Concur—Rosenberger, J. P., Ellerin, Wallach, Smith and Rubin, JJ.