■ Anna Ramirez, Appellant, v Rennold Wacht, as Executor and Cotrustee of S. Joseph Tankoos, Jr., Deceased, et al., Respondents.—Order, Supreme Court, New York County (Carmen Beauchamp Ciparick, J.), entered March 20, 1990, which granted defendant Sunrise Mall's motion to transfer venue from New York County to Nassau County, unanimously reversed, without costs.

Plaintiff, a resident of Suffolk County, allegedly fell on the premises of the Sunrise Mall in Nassau County. It is undisputed that New York County, the venue chosen by plaintiff was proper based on the residences of several of the defendants. Sunrise Mall moved to change venue to Nassau County pursuant to CPLR 510 (3), while conceding that there were no independent eyewitnesses whose convenience would be furthered by a change of venue.

It was urged by defendant that all things being equal, the

transitory action should be tried in the county where the cause of action arose. This court has held, however, that in the cases establishing the above principle concerning transitory actions, "the confluence of factors in each instance, favored trial in the place where the cause of action arose" *(Wecht v Glen Distribs. Co.,* 112 AD2d 891, 894).

A motion to change venue on the ground of the convenience of witnesses must list the names and addresses of all material witnesses expected to be called, and the essence of their expected testimony *(Weiss v Saks Fifth Ave.,* 157 AD2d 475; *Coles v LaGuardia Med. Group,* 161 AD2d 166). Because the moving defendant made no such showing, the motion for change of venue should have been denied. Concur—Sullivan, J. P., Carro, Kupferman, Ross and Rubin, JJ.