■ MARY NOLAN, Individually and as Administratrix of the Estate of DOMINICK NOLAN, Deceased, Appellant, v MOUNT VERNON HOSPITAL et al., Respondents.—Order of the Supreme Court, Bronx County (Hansel McGee, J.), entered February 23, 1990 which, inter alia, granted defendants' motions pursuant to CPLR 510 and 511 to transfer venue of the action to Westchester County, unanimously reversed, on the law, the facts and in the exercise of discretion, and the motions denied, with costs.

Shortly after this malpractice action was commenced, the decedent expired on November 28, 1988. Venue was placed in Bronx County based upon plaintiff decedent's residence. Defendants Price and Jasper, in separate motions, moved pursuant to CPLR 510 (3) for a change of venue from Bronx County to Westchester County. In support of their motions, defen-

dants argued that the cause of action arose in Westchester County, that hospital and medical records are located there and that various witnesses, whom defendants intend to call, either work or reside in that County. Plaintiff, meanwhile, cross-moved to amend the proceedings to substitute Mary Nolan as administratrix of the estate and to add a claim for wrongful death. Supreme Court granted defendants' motions and denied plaintiff's cross-motion, subject to renewal before Supreme Court, Westchester County. Upon transfer, leave was granted by that court to substitute the administratrix for decedent and to add a cause of action for wrongful death. The amendment of the pleadings is not in issue upon this appeal.

Plaintiff insists that the change of venue was improperly granted because defendants failed to provide the names and addresses of the material witnesses intended to be called at trial whose convenience would thereby be served. To support the motion, "the moving party must list the names and addresses of all material witnesses expected to be called and set forth the essence of their expected testimony" *(Weiss v Saks Fifth Ave.,* 157 AD2d 475, 476; *Feldman v North Shore Univ. Hosp.,* 157 AD2d 831, 832). Neither defendant gave any indication of the substance of these witnesses' intended testimony and, in view of defendants' failure to disclose their residence addresses, it is impossible to discern what inconvenience would be entailed in travelling from Westchester to a contiguous county.

Defendants urge that venue is proper in Westchester County because all of the hospital and medical records are located there. However, "the fact that the medical records relating to the alleged malpractice are located in [another county] demonstrates no real inconvenience since they could be mailed to the court" *(D'Argenio v Monroe Radiological Assocs.,* 124 AD2d 541, 542, citing *Wecht v Glen Distribs. Co.,* 112 AD2d 891; *Stavredes v United Skates,* 87 AD2d 502).

Although motions for a change of venue pursuant to CPLR 510 (3) are addressed to the sound discretion of the court *(Paddock Constr. v Thomason Indus. Corp.,* 133 AD2d 20, 22), we find that the affidavits offered in support of the motion are factually insufficient and that the court's exercise of its discretion was improvident. Concur—Carro, J. P., Milonas, Ellerin, Kupferman and Rubin, JJ.