■ WALTER FINN et al., Appellants, v ISREN J. KANTER, Doing Business as HUNT VALLEY FARMS, et al., Respondents.—Order, Supreme Court, New York County (Francis Pecora, J.), entered on October 29, 1990, which denied plaintiffs' motion for summary judgment, and granted defendants' motion to change venue from New York County to Columbia County, is unanimously reversed to the extent appealed from as limited by the briefs, on the law, the facts, and in the exercise of discretion, to deny defendants' motion for a change of venue, with costs.

The plaintiffs entered into two racing syndicate agreements with the defendant, Isren Kanter, the general partner. The syndicates were denominated Hunt Valley Syndicate No. 1 and Hunt Valley Syndicate No. 2. This action was initiated when plaintiffs discovered that a horse, Prestige Court, purchased for Hunt Valley Syndicate No. 2 at a cost of $350,000, died, and was found to be insured for only $41,000. Discovery in that action revealed that defendant Kanter's tax records showed that a horse was purchased by the defendant for $60,000 for Hunt Valley Syndicate No. 1, and was allegedly sold for $350,000 to Hunt Valley Syndicate No. 2, a profit of $290,000 to the defendant.

Defendant made a motion to change venue for the convenience of witnesses and in the interest of justice, shortly after discovery began.

A review of the record shows that the majority of the potential witnesses listed by the defendant were employees of the horse farms where the horses were kept, whose testimony would not be strictly relevant to the breach of defendant's fiduciary responsibility to the co-investors. The moving papers were also insufficient in that the defendant failed to set out the nature of the witnesses' testimony and thus failed to state whether they would be liability witnesses or damage witnesses. Plaintiffs assert, in their opposition papers, that the

majority of relevant material witnesses, namely the co-investors, live in or near New York County and allege the poor health of one of the plaintiffs as another basis for denial of the defendant's motion for a change of venue. Plaintiffs also rely on the fact that the relevant records concerning Prestige Court were stolen from Hunt Valley Farm, where they were kept in violation of the Syndicate Agreement.

Though it is true that the Columbia County Court is less congested than the New York County Court, this alone is not a sufficient basis for a change of venue. Where the plaintiffs properly have placed venue in the county where they are domiciled, and the motion papers do not sufficiently demonstrate that the witnesses will be inconvenienced by keeping the action in that county, a motion for a change of venue should be denied. (See, Green v Shortts, 145 AD2d 340, 341; Thomas v Small, 121 AD2d 622.) Concur—Sullivan, J. P., Carro, Rosenberger, Kupferman and Rubin, JJ.