■ FLOR COSTANZO, Appellant, v MICHAEL CORNELL et al., Respondents. ELBA DASILVA, Appellant, v MICHAEL CORNELL et al., Respondents.—Order of the Supreme Court, New York County (Charles Ramos, J.), in Action #1, entered on or about April 19, 1990, which granted defendant Costa's motion for a change venue from New York County to Nassau County, and the order of the same court and Justice in Action #2, entered on or about April 20, 1990, which also changed the venue from New York County to Nassau County, are both unanimously reversed, on the law and the facts, without costs or disbursements, and the motions denied.

On September 14, 1987, a motor vehicle accident occurred on Hempstead turnpike in Nassau County involving three vehicles. A vehicle owned by defendant Ryder Truck Rental, leased to defendant Liberty Distributors, Inc., and operated by defendant Cornell, struck a vehicle owned and operated by defendant Svedics, which was caused to collide with a vehicle owned and operated by defendant Costa. Both named plaintiffs were passengers in the Costa vehicle.

Each plaintiff commenced a separate action venued in New York County in 1989, based upon the residence of defendant Ryder Truck Rental, Inc. In each action, defendant Costa moved, pursuant to CPLR 503 (a) and 511, to change venue to Nassau County.

The IAS court held, in separate but nearly identical orders and decisions, that a transitory action should ordinarily be tried in the county where the cause of action arose.

Although motions for a change of venue are addressed to the sound discretion of the court *(Paddock Constr. v Thomason Indus. Corp.,* 133 AD2d 20, 22), when affidavits offered in support of the motion are factually insufficient, this Court will not hesitate to set aside an order of the IAS court granting such a change of venue *(Nolan v Mount Vernon Hosp.,* 172 AD2d 368).

Here, defendant Costa, a resident of Florida, who was not joined on the motion by any of the other defendants, argued in his moving papers, in support of the motion for a change of venue, only that venue was improperly placed in New York County. Clearly, venue was properly placed in New York County based upon the residence of plaintiff Costanzo *(Coles v LaGuardia Med. Group,* 161 AD2d 166) and defendant Ryder *(Ramirez v Wacht,* 170 AD2d 199). Although CPLR 510 was listed in the notice of motion as one of the grounds for a change of venue, no showing was even attempted by non-resident Costa that any witness would be inconvenienced or any purpose served by a change of venue.

"Although, in general, a transitory action should be brought where the cause of action arose * * * nevertheless, it is well settled that a motion for a change of venue under CPLR 510 (3) must be supported by a statement identifying the non-party witnesses expected to be called at trial, specifying the nature of their testimony and the manner in which they would be inconvenienced by having to testify in the county originally designated" *(Clark v New Rochelle Hosp. Med. Center,* 170 AD2d 271). Here, defendant failed to make any

showing whatsoever that a discretionary change of venue was warranted. "Where the plaintiffs properly have placed venue in the county where they are domiciled, and the motion papers do not sufficiently demonstrate that the witnesses will be inconvenienced by keeping the action in that county, a motion for a change of venue should be denied" *(Finn v Kanter,* 172 AD2d 416, 417).

There are apparently no eyewitnesses to the accident other than the parties, and only one investigating police officer who is expected to be called as a witness at trial (whose residence was not established). In opposition to the motion, plaintiffs showed that they expect to call numerous expert treating physicians. This Court has noted that, "It has been held that the convenience of treating physicians is a strong factor in favor of retaining venue in a county other than the one in which the accident took place *(see, Messinger v Festa,* 94 AD2d 792, 793 [1983])." *(Schneeweiss v Pelkey,* 138 AD2d 271, 272.) And while it is true that the Third Department, in *Cole v Lawas* (97 AD2d 912, 913), held that the convenience of witnesses residing outside of the respective counties should be disregarded, a contrary view was taken by the Second Department in *Messinger (supra)* which we cited with approval in *Schneeweiss (supra.)*

Accordingly, in view of the inadequate showing by defendant Costa, the "convenience of material witnesses and the ends of justice" (CPLR 510 [3]) will be better served by retaining venue in New York County. Concur—Rosenberger, J. P., Kupferman, Ross, Asch and Kassal, JJ.