■ GALINA IASSINSKI et al., Appellants, v IGOR VASSILIEV et al., Respondents. [633 NYS2d 281] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered on or about December 6, 1994, which granted defendants' motion to change the venue of this action to Nassau County, is unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, and the motion is denied.

Plaintiff Galina Iassinski alleges that on September 6, 1992, she injured her right ankle when she slipped and fell on a staircase in defendants' home located in the Town of Great Neck, Nassau County. Plaintiffs thereafter commenced the instant action by the service of a summons and complaint on or about November 9, 1992, electing New York County as the proper venue on the basis of their alleged residence there at the time of commencement of the action. Defendants joined issue on or about November 25, 1992 and, as part of their answer, served a demand to change venue.

Plaintiffs served their verified Bill of Particulars on or about March 22, 1993 in which they stated, *inter alia*, that they currently reside at 182 East 95th Street, New York, New York. Approximately 3 weeks later, defendants served their second demand to change venue to Queens County based upon their belief that plaintiffs resided in Queens and not New York, as their verified Bill of Particulars stated. In response, plaintiffs confirmed that their residence had since changed to Queens, but averred that at the time of the commencement of the action they resided in New York County.

Defendants served the underlying motion to change venue on September 19, 1994 and the IAS Court, after holding a hearing on November 9, 1994, granted the motion and directed that venue be changed to Nassau County pursuant to CPLR 510 (3). Plaintiffs appeal and we now reverse.

While defendants are correct that, in general, the venue of a transitory action lies in the county where the cause of action arose (*Chimarios v Duhl*, 152 AD2d 508, 509; *Slavin v Whispell*, 5 AD2d 296, 297-298), that rule is predicated upon the concept of convenience for witnesses who are to be present at

trial (*Chimarios v Duhl, supra*, at 509; *Boriskin v Long Is. Jewish-Hillside Med. Ctr.*, 85 AD2d 523; CPLR 510 [3]). The burden of demonstrating that the witnesses would be better served by a change of venue rests with the movant (*Costanza v Cornell*, 175 AD2d 696, 698; *Frey v Fun Tyme Ski Shop*, 163 AD2d 11, 12; *Finn v Kanter*, 172 AD2d 416, 417).

In *Cardona v Aggressive Heating* (180 AD2d 572), we held that this showing must include: "(1) the identity of the proposed witnesses, (2) the manner in which they will be inconvenienced by a trial in the county in which the action was commenced, (3) that the witnesses have been contacted and are available and willing to testify for the movant, (4) the nature of the anticipated testimony, and (5) the manner in which the anticipated testimony is material to the issues raised in the case" (*see also, Costanza v Cornell, supra*, at 697; *Weisemann v Davison*, 162 AD2d 448; *Stavredes v United Skates*, 87 AD2d 502).

In the matter before us, defendants have failed to satisfy almost all of the foregoing factors. By way of example, defendants list as a potential witness a Mr. Robert Forstrom, a consultant residing in Sea Cliff, Nassau County, who allegedly inspected the condition of the carpeting on the stairs after the accident. Defendants, however, do not state that Mr. Forstrom will testify, that he would be inconvenienced by a trial in New York County, or the materiality of his anticipated testimony to the issues raised in this case. Further, defendants' general statements that the police officer who responded to the scene was a member of the Nassau County Police Department, that the ambulance call report may be obtained from a Nassau County Hospital; and that the medical service providers such as the Hospital, the surgeon who operated and performed follow-up treatment on plaintiff, and another unnamed witness who purportedly works for North Shore Pain Services in Port Washington, Nassau County, would all be inconvenienced, are facially insufficient as they do not specifically identify witnesses or indicate the nature of their proposed testimony.

We also find that defendants' motion, served in mid-September 1994, almost two years after commencement of the action and after preliminary conference orders had directed plaintiffs to file their Note of Issue prior to the end of September 1994, was not brought with due diligence and was untimely (*see, Ortiz v Broadway Mgt. Co.*, 188 AD2d 401; *Schneeweiss v Pelkey*, 138 AD2d 271).

Lastly, the trial court found that at the time of commencement of this action, plaintiffs resided in New York County.

Since a subsequent change of residence to another county does not invalidate the original designation based upon plaintiffs' residence at the time of the commencement of the action (*Cardona v Aggressive Heating, supra,* at 573), defendants' argument that New York County is no longer a proper venue is without merit. Concur—Kupferman, J. P., Asch, Williams and Tom, JJ.