Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered November 17, 2010, which granted defendant’s motion to dismiss the complaint, and denied its alternative request to consolidate this action with a related lien foreclosure action pending in Kings County, unanimously reversed, on the law and the facts, without costs, the motion to dismiss denied, and the request for consolidation granted. Appeal from order, same court and Justice, entered April 5, 2011, *465 which denied plaintiffs motion for renewal and reargument, unanimously dismissed, without costs.
The motion for renewal and reargument presented neither new facts nor a change in the law and was therefore a motion for reargument only (see CPLR 2221 [e] [2]). An order that denies a motion for reargument is not appealable (see Cuebas v Smith, 24 AD3d 200 [2005]).
This action and the pending lien foreclosure action arise out of work done on the same two projects for defendant, and present competing claims to the same monies. Plaintiffs subcontractors are the lienor plaintiffs, and the parties in this action are named codefendants in the lien foreclosure action (see CPLR 602 [a]; Paddock Constr. v Thomason Indus. Corp., 133 AD2d 20, 23 [1987]). Moreover, plaintiff did not oppose defendant’s request for consolidation.
It should be noted that defendant’s motion for consolidation was made in the alternative to its motion to dismiss the complaint based on, inter alia, untimeliness and failure to join necessary parties. The motion court found that the first cause of action was time-barred and dismissed the second cause of action without prejudice to renew the claim in the lien foreclosure action. There are, however, factual issues that should be given further consideration, including whether D&A and the subcontractors are united in interest for the purpose of asserting the relation back doctrine (see Buran v Coupal, 87 NY2d 173, 177 [1995]). Based on the existence of factual issues, the preference for consolidation (see Geneva Temps, Inc. v New World Communities, Inc., 24 AD3d 332, 334 [1st Dept 2005]), and the fact the defendant has not articulated any prejudice, the motion to dismiss can be re-asserted in the consolidated Kings County action where the court can determine the entire matter before it.
Concur—Tom, J.P., Sweeny, Saxe, Richter and ManzanetDaniels, JJ.