Kochan v Target Corp. (2018 NY Slip Op 03445)





Kochan v Target Corp.


2018 NY Slip Op 03445


Decided on May 10, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 10, 2018

Richter, J.P., Manzanet-Daniels, Webber, Moulton, JJ.


6522N 157155/16

[*1] Jessica Kochan, etc., et al., Plaintiffs-Appellants,
v
Target Corporation, et al., Defendants-Respondents, Keylor LaPorta, et al., Defendants.


Gair, Gair, Conason, Rubinowitz, Bloom, Hershenhorn, Steigman & Mackauf, New York (D. Allen Zachary of counsel), for appellants.
Simmons Jannace DeLuca, LLP, Hauppauge, (Allison Leibowitz of counsel), for respondents.



Order, Supreme Court, New York County (Joan M. Kenney, J.), entered May 8, 2017, which granted the motion of defendants Target Corporation and Target Enterprise Inc. (collectively Target) to change venue from New York County to Suffolk County, unanimously affirmed, without costs.
Supreme Court did not improvidently exercise its discretion in granting Target's motion to change venue to Suffolk County even though plaintiff properly placed venue in New York County based upon Target's principal place of business at the time the action was commenced (see CPLR 503[a], [c]). The motor vehicle accident happened in Suffolk County, plaintiffs and codefendants live in that county, the decedent received her medical treatment there (see Lopez v Chaliwit, 268 AD2d 377 [1st Dept 2000]). Target also submitted the affidavits of two Suffolk County police officers, who averred that they were involved in the investigation including interviewing witnesses at the accident location and that they would be inconvenienced by having to travel to New York County because it would cause them to be absent from their police duties for a full day (see Kennedy v C.F. Galleria at White Plains, 2 AD3d 222, 223 [1st Dept 2003]).
That the police officers signed affidavits in favor of the motion to change venue establishes that they were aware of the action and demonstrates that they are willing to testify at trial. It was proper for the motion court to consider the police officers' convenience, because their testimony regarding their investigation as to how the accident happened bears on liability (see Hoogland v Transport Expressway, Inc., 24 AD3d 191 [1st Dept 2005]). Furthermore, the police officers' affidavits are not insufficient because they do not set forth their home addresses, since it is undisputed that they work in Suffolk County (see
Gentry v Finnigan, 110 AD3d 568 [1st Dept 2013]; compare Nolan v Mount Vernon Hosp., 172 AD2d 368 [1st Dept 1991]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 10, 2018
CLERK